# CHARLESTON.

STATE *v.* F. O. BLAKE AND O. C. SMITH.

Submitted January 22, 1924. Decided January 29, 1924.

1. LARCENY—*Stealing of Dog on Which Taxes Paid Held Unlawful Taking of Personal Property.*

   Section 9-a-I, Chapter 29, Acts 1908, providing that any person who shall willfully steal a dog, assessed for taxation, on which taxes have been paid, shall upon conviction be

punished as provided for stealing other property, creates an offense punishable under Section 27, Chapter 145, Code. (p. 469).

2. SAME—*Indictment for Stealing of Dog Held Sufficient.*

An indictment charging that the accused, "One black and tan male dog * * * * then and there unlawfully and feloniously did steal, take and carry away" is sufficient for the trial and punishment of the defendants for the unlawful taking and carrying away of personal property, as provided in said section. (p. 469).

Case certified from Circuit Court, Tucker County.

F. O. Blake and another were indicted for grand larceny and for stealing a dog. Demurrer and motion to quash indictment sustained as to the first count, and overruled as to the second, and questions certified.

*Affirmed.*

J. P. *Scott* and W. K. *Pritt,* for the State.
J. *Ramsey* and Chas. D. *Smith,* for defendants.

LITZ, JUDGE:

At the October term, 1923, of the circuit court of Tucker county the defendants were indicted jointly for the larceny of one "black and tan male dog", valued at $75.00, the property of W. F. Lipscomb. The indictment contains two counts, the first in the usual form for grand larceny, and the second in like form with the further averment that taxes had been duly assessed and paid on said dog within one year next preceding the finding of the indictment.

By demurrer and motion to quash the defendant challenges the sufficiency of the indictment and each count thereof. The lower court having sustained the demurrer to, and motion to quash, the first count, and overruled them as to the second count, the case is hereby certified from these rulings.

At common law, although the owner had a qualified or base property in his dog sufficient to maintain an action for recovery of possession, or damages for the conversion or injury thereof, such animal was not the subject of larceny. *Davis* v. *Commonwealth,* 17 Gratt. 617; 2 Wharton Criminal Law

(11th Ed.) Sec. 1107; *Macklin's Case*, 3 Leigh 809. As to those animals, which do not serve for food, and which therefore the law holds to have no intrinsic value, as dogs of all sorts, and other creatures kept for whim and pleasure, though a man may have a base property therein, and maintain a civil action for the loss of them, yet they are not of such estimation, as that the crime of stealing them amounts to larceny". IV Blackstone, 235. It follows that the demurrer to, and motion to quash, the first count, founded upon the common law alone, were properly sustained.

The second count, however, is predicated upon Section 9-a-1, Chapter 29, Acts of the Legislature of 1908, which in part provides: "That it shall be lawful, if he so choose, for the owner of any dog to have the same listed by the county assessor of any county in this State, the same as all other personal property is listed and taxed; and when the owner of any such dog shall have paid the taxes assessed against the same, such dog shall be deemed property in the meaning of the law.

"Any person who shall willfully, or maliciously steal, poison, wound or kill any such dog or dogs listed as personal property as aforesaid, shall upon conviction be punished as provided by law for stealing, poisoning, wounding or killing other property; and the owner of such dog or dogs, so stolen, wounded, poisoned or killed, after complying with the provisions of this act, may have a right of action in damages against any such person or persons guilty of a violation of the provisions of this act for the sum not exceeding the assessed value of such dog or dogs."

Defendants contend that this statute has been repealed by Chapter 116, Acts 1921, which amended and reenacted Chapter 62, Code, 1916, as amended and reenacted by the Acts of 1919. It was never, however, any part of that code, having been omitted therefrom by the compiler upon the erroneous assumption of its being local in nature. Then there can be no application here of the rule relied on by the defendants that where a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but will be considered as

annulled. Although not appearing in any of the codes subsequent to the one of 1912, it has never been repealed or amended. Being in force, it becomes necessary to interpret that part of the act providing that, ''Any person who shall willfully steal any such dog or dogs listed as personal property, as aforesaid, shall, upon conviction be punished as provided by law for stealing other property''. What is the punishment for stealing ''other property''? The word ''steal'' when used in its narrow technical sense denotes a felonious taking, synonimous with the term ''larceny''; but in its popular and broader meaning signifies a wrongful or unlawful taking. So the term ''stealing'' used in the statute may mean either larceny, punished under Section 14, Chapter 145, Code, as a felony or misdemeanor, depending upon the value of the property taken; or the unlawful taking of property constituting a misdemeanor under Section 27, Chapter 145. The latter statute is not confined to unlawful acts to inanimate property. *Macklin's Case*, 3 Leigh, and *Davis* v. *Commonwealth*, cited; *Commonwealth* v. *Howard*, 11 Leigh, 631. In view of this situation we can not say the legislature intended that dog-stealing should be punished as larceny of other property. Penal statutes are construed strictly against the State and in favor of the accused. It is a rule of general application that such statutes are not to be extended by construction, but must be limited to cases clearly within the language used. And if the language admits of two constructions, that which operates in favor of the accused should be adopted.

Section 2324, Virginia Code, 1919, expressly provides that all dogs which have been assessed with license tax and upon which said license is not delinquent shall be deemed personal property and may be the subject of larceny and malicious or unlawful trespass.

The second count in the indictment charges that the defendants ''unlawfully and feloniously did steal, take and carry away'' the dog. As this charge includes all the elements necessary to constitute the offense of unlawfully taking and carrying away personal property under Section 27, Chapter 145, Code, we do not think the unnecessary allegation, that the

act was done "feloniously", should render the count bad for that purpose. We therefore hold that defendants may be tried and punished under this count of the indictment, as provided in said Section 27. The comprehensive form of indictment prescribed by Section 28 is not exclusive.

The rulings of the circuit court will, therefore, be affirmed.

*Affirmed.*