# CHARLESTON.

STATE v. WILLIAM S. PHILLIPS

(C. C. No. 274)

STATE v. WILLIAM S. PHILLIPS AND H. A. FAULKNER

(C. C. No. 275)

STATE v. WILLIAM S. PHILLIPS

(C. C. No. 276)

Submitted February 10, 1925. Decided January 26, 1926.

FRAUD—*Requisites of Indictment Under Blue Sky Law for Fraud in Selling Realty Stated.*

An indictment under Section 7, Chapter 55-B, Code, known as the "Blue Sky Law", making it unlawful for any person

or persons mentioned in Section 6 of the act, with intent to induce the purchase of real estate situate outside the State of West Virginia, knowingly or recklessly to make any false statement or conceal any fact materially affecting the value thereof, must show that the defendant fraudulently concealed the facts or made the false representations in furtherance of a scheme or artifice to defraud, and also narrate the particulars of such scheme or artifice to defraud.

(Fraud, 27 C. J. § 275.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case Certified from Circuit Court, Roane County.

William S. Phillips was prosecuted under two separate indictments for violation of the Blue Sky Law, and he and H. A. Faulkner were prosecuted under another indictment for violation of the same law, and, after sustaining a demurrer to one indictment against William S. Phillips and overruling demurrers to the other two indictments, the trial court certified its rulings.

*Affirmed in part, and reversed in part.*

*John W. Lance, Grover F. Hedges* and *Ryan & Ryan, Somerville & Somerville, E. T. England,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

*Wm. C. Sullivan, Charles E. Hogg,* and *S. P. Bell* and *Harper & Baker,* for defendants.

LITZ, PRESIDENT:

The circuit court of Roane county has certified its rulings on demurrer to three several indictments charging violation of Section 7, Chapter 55-B, Code, known as the "Blue Sky Law".

The first indictment, returned May term, 1923, of said court, charges that William S. Phillips, on the ........ day of April, 1921, in said county, while doing business in this State, with intent to induce L. E. Bolte to purchase certain real estate in the District of Columbia, did then and there unlawfully, feloniously and knowingly make certain false statements, orally, concerning such real estate to the said L. E.

Bolte, and "did then and there unlawfully and feloniously conceal certain facts from the said Bolte materially affecting the value of said real estate, by representing and saying to the said L. E. Bolte that the title to said real estate was good, safe, secure, and clear of all encumbrances", and that said property was a good and safe investment for the said L. E. Bolte at the price of $3,800.00, "he the said Phillips well knowing at the time that the title to said real estate was not good, safe and secure", and that the purchase of said real estate by said Bolte was not a good and safe investment for him; "that the same was in fact legally encumbered with a valid deed of trust to secure the payment of a large sum of money, to-wit, at least the sum of $10,000".

The second indictment returned at the September term, 1923, of said court, charges that William S. Phillips, on the ........ day of ................, 1920, was doing business in the State of West Virginia, "and was engaged in selling real estate situate in the City of Washington, District of Columbia, outside the State of West Virginia, and then and there devised a scheme to defraud E. D. Whited and to induce the said E. D. Whited to purchase Lots Nos. 10 and 11, in Square numbered 3170, and Lot No. 62 in the Square numbered 2970 in the Wm. S. Phillips sub-division, 'Shadyside', in a part thereof called 'Girls Portion', situated in the City of Washington, District of Columbia"; that while engaged in negotiating with said Whited, in order to induce him to purchase said lots, the said William S. Phillips represented that he was the owner of a certain large tract of land situated in the said City of Washington (described by metes and bounds), and feloniously, unlawfully, knowingly and recklessly represented to him, the said E. D. Whited, that there were no liens or encumbrances against said real estate; that all the water and sewerage lines were laid and paid for; that Congress had already passed an act providing for the construction of a boulevard 105 feet wide to be decorated with shrubbery and trees through the center thereof, and that such boulevard was so located as to pass through said subdivision known as "Girls Portion"; that all of said representations, to the knowledge of the defendant, were wholly untrue; that part of the land

called "Girls Portion", including said Lots No. 10 and 11, in Square numbered 3170 and Lot 62 in Square numbered 2970, was affected by a trust deed lien; that the water and sewerage lines had not been laid or paid for, nor the construction of the boulevard provided for by Congress, as represented by the defendant; that said Whited, believing and relying upon the representations, purchased said lots of real estate from said William S. Phillips at the price of $7,800.00, executing and delivering therefor to said William S. Phillips his check for $2,000.00, and notes amounting to $5,000.00.

There was also returned at the time of the second indictment against William S. Phillips a similar indictment against him and H. A. Faulkner jointly. Demurrer to each of the three indictments was sustained as to the first, but overruled as to the second and third.

Sections 6 and 7 of Chapter 55-B, Code, read:

> Sec. 6: "Any person, copartnership, association or domestic corporation, or foreign corporation, doing business within the State of West Virginia, or any or all of the officers or agents thereof, alone or in conjunction with others, having devised or intending to devise any scheme or artifice to defraud any person or persons by securing subscriptions for, or by promoting or negotiating the issuance, transfer, distribution or sale of any stocks, bonds, notes, contracts, or other securities of any kind or character, who shall for the purpose of executing or attempting to execute such scheme or artifice commit any overt act within this State, shall be guilty of a felony, and upon conviction thereof, shall be punished by a fine of not more than five thousand dollars, or by imprisonment in the penitentiary for not more than five years, or by both such fine and imprisonment, at the discretion of the court."

> Sec. 7: "If any person or persons mentioned in section six of this act, with intent to induce the purchase of any of the securities mentioned in section six of this act, or of any real estate situate outside of this State, shall knowingly or recklessly make any false statement, either oral or written,

> or knowingly or recklessly conceal any fact materially affecting the value of any such securities, or of such real estate, he or they shall be guilty of a felony, and upon conviction thereof shall be punished by a fine of not more than one thousand dollars, or by imprisonment in the penitentiary or county jail for not more than twelve months, or by both fine and imprisonment, at the discretion of the court, and shall be liable in damages to any party who has been occasioned loss thereby.''

One of the grounds of demurrer to the second and third indictments is the omission of an averment setting forth the particulars of the alleged scheme or artifice to defraud, as distinguished from the means by which it was carried into effect. In this connection two questions are presented: (1) Whether it is necessary under Section 7 of the act to charge that the alleged fraudulent statements and concealments by the defendant were part of a fraudulent scheme or artifice; and (2) if so, should the indictment also state the details of the scheme or artifice to defraud?

I am convinced that ''any person, copartnership, association, domestic corporation or foreign corporation, doing business within the State, or any or all of the officers or agents thereof, along or in conjunction with others'' may violate Section 7 without ''having devised or intending to devise any scheme or artifice to defraud'', as provided in Section 6. The difference in the penalties provided under these sections, the use in other sections of the phrase ''any person or persons mentioned in Section 6 of this act'', as well as the plain language of Section 7, to my mind confirm this view.

The Court, however, is of opinion that the indictment should charge that the defendant fraudulently concealed facts or made false representations in furtherance of a scheme or artifice to defraud. This position rests upon the conclusion that the phrase *''any person or persons mentioned in Section 6'',* as used in Section 7, should be construed to mean ''any person, copartnership, association, domestic corporation, or foreign corporation, doing business within the State of West Virginia, or any or all of the officers or agents thereof, alone or in conjunction with others, *having devised or intending to*

*devise a scheme or artifice to defraud* any person or persons''. Penal statutes are to be construed strictly against the State. Where the language used admits of two constructions, that which operates in favor of the accused should be adopted. *State* v. *Blake and Smith,* 95 W. Va. 467, 121 S. E. 488. It being necessary, therefore, to allege that the defendant fraudulently concealed facts or made false representations in furtherance of a scheme or artifice to defraud, under our recent decision of *State* v. *Simmons,* 99 W. Va. 702, 129 S. E. 757, the nature of the scheme or artifice to defraud must be charged in the indictment. That case holds an indictment charging the accused with having devised a scheme to defraud, etc., under Section 6, should narrate the particulars of the alleged scheme.

The ''Blue Sky Law'' was amended and reenacted as Chapter 66, Acts of the Legislature of 1925.

The circuit court properly sustained the demurrer to the first indictment, and should also have sustained the demurrers to the second and third indictments.

*Affirmed in part; reversed in part.*