WILLIAM SMITH, Plaintiff, *v.* PALACE TRANSPORTATION CO., INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, October 19, 1931.

*A. Spencer Feld* [*Samuel J. S. Feld* of counsel], for the plaintiff.

*A. Bertram Samuels* [*David F. Pisik* of counsel], for the defendant.

LEWIS, DAVID C., J. Man's attachment for the dog is of old standing.

The auto has driven the horse from the highway, but even in this mechanical age the dog is no stranger on our streets.

Plaintiff was the owner of a five months old fox terrier. One day his wife brought the pup to the streets. The dog ran or romped to the children, and then, while in the One Hundred and Seventy-ninth street roadway, close to the north curb, a taxi south bound on Pinehurst avenue, after making a left turn, laid the little dog lifeless on the highway.

At this locality (One Hundred and Seventy-ninth street and Pinehurst avenue) the cross street was not then a much-traveled thoroughfare. The construction of the George Washington Bridge had cut off south-bound traffic on Pinehurst avenue, below One Hundred and Seventy-ninth street, and obstructions in the highway had narrowed the lane of traffic going east. These facts and features in themselves called for cautious driving.

To take a pup from the household to the highway is a legitimate errand. To release it of its leash or muzzle is not in itself negligence. The ordinances requiring these precautions manifestly were adopted to protect the public from attack by the dog, not to protect the dog from assault by the public. (New York Code of Ordinances, chap. 17, art. 1, § 16; chap. 20, art. 2, § 17.)

Naturally, one cannot exact or expect of a dumb animal that standard of prudence that marks the conduct of the average careful creature.

Aside from the question of negligence and contributory negligence, there is presented the question of damages.

A live dog is personal property. Its value is governed by the type and traits and pedigree of the dog. What one pays for property is of import in appraising its value, though not necessarily controlling. While one's feelings for a dog constitute a sentiment which we are inclined to value, it is not recognized as an element of damage.

Judgment for the plaintiff for seventy-five dollars. Ten days' stay.