35 P.(2d) 978

**WILCOX v. BUTT'S DRUG STORES, Inc.**

**No. 3932.**

Supreme Court of New Mexico.

July 17, 1934.

Rehearing Denied Oct. 1, 1934.

George C. Taylor, of Albuquerque, for appellant.

George S. Klock, of Albuquerque, for appellee.

BICKLEY, Justice.

Appellee, plaintiff below, was the owner of two high-class blooded dogs of the breed known as "King Charles spaniels." One was a male named "Big Boy" and one a female named "Susie."

The appellant, defendant, conducted a pharmacy and dealt in and retailed drugs, medicines, and other merchandise.

Plaintiff visited the drug store of the defendant and inquired of defendant's manager in charge for Cascara Laxative Tablets to administer to her dogs aforesaid. Big Boy was with her at the time and was exhibited to the defendant's said manager as one of the dogs to which she intended to administer said tablets. The defendant, by its said manager, after examining its stock, stated that there was not on hand the kind of Cascara Laxative Tablets plaintiff ordered, but filled said order with other tablets or pills having laxative qualities and represented to plaintiff that they were just as good as the kind she desired. The pills supplied contained strychnine in quantities harmless to human beings when administered in proper doses. Defendant did not advise plaintiff of the presence of strychnine in the pills substituted for the kind she had ordered, but represented them to be appropriate for the use she intended to make of them and that they could properly be administered to her dogs in the same dosage she had been accustomed to administer of the Cascara Laxative Tablets.

Plaintiff administered the pills to the dogs, with the result that Big Boy was seized with convulsions and died of strychnine poisoning.

Plaintiff sued to recover damages for the loss of her dog due to the alleged negligence of defendant.

The case was studiously tried before the trial judge, and complete findings of fact and law were made which were the basis of a judgment for plaintiff in the sum of $150 from which defendant appealed.

■ Appellant's first point is that the evidence was insufficient to justify any judgment in favor of plaintiff. After a careful study of the record, we find that the findings of fact are sustained by substantial evidence.

■ Appellant's second objection to the judgment is that the value of the plaintiff's dog Big Boy was not to exceed $10.

The court made the following finding as to value: "That the said dog, 'Big Boy,' was of the species known as King Charles Spaniel, and that the said species of dogs known as King Charles Spaniels are rare in this country; that said dog, 'Big Boy,' was of the value of at least One Hundred and Fifty Dollars." The exception to this finding is that it is not supported by a preponderance of the evidence and is contrary to the evidence, and that the evidence shows that said dog had no pecuniary value, and that sentimental damages are not recoverable for loss of property.

Appellant's exception is unavailing so far as the supporting evidence is concerned, as we are unable to say that the court placed the value too high. Appellant is correct in asserting that damages for sentimental value are not recoverable, but incorrect in asserting that damages for the wrongful destruction of a dog must be limited to market value or pecuniary value. In Rutherford v. James, 33 N. M. 440, 270 P. 794, 63 A. L. R. 237, we decided: "Articles in actual use in furnishing and equipping a home, and wearing apparel in use, even though they may have some secondhand market value, are not usually governed by the general rule of market value, for the law recognizes that they have a value when so used in the home that is not fairly estimated by their value as secondhand goods on the market. Where subordinate rules for the measure of damages run counter to the paramount rule of fair and just compensation, the former must yield to the principle underlying all such rules. For the loss of such property so situated and used, the measure of damages in case of loss by another's negligence is the value to the owner under all the circumstances, based on actual damages sustained by being deprived of his property, not including any mere sentimental or fanciful value he may for any reason place upon it."

In the case at bar, the dog was of a breed rare in this country, was a well-bred and intelligent animal, and had been a prize winner at a dog show. We are unable to say that it is established that there exists in this state a market value of such animals. Appellee testified that one cannot be purchased for $300 and that she placed a value upon the dog in question of $500. She testified as to her knowledge of dogs, and traits and breeds, and as to other qualities of the dogs in question. The Supreme Court of Oregon, in McCallister v. Sappingfield, 72 Or. 422, 144 P. 432, 434, said that the principles of law to be applied in actions to recover for the destruction of personal property not having a market value, applied to an action to recover for the destruction of a dog, and observed: "The true rule being that the owner of a dog wrongfully

killed is not circumscribed in his proof to its market value, for, if it has no market value, he may prove its special value to him by showing its qualities, characteristics, and pedigree, and may offer the opinions of witnesses who are familiar with such qualities." There is much in this well-written and interesting opinion which we find applicable to the evidence in the case at bar. The Oregon court applied the principles we announced in Rutherford v. James, supra, and we think the trial court was guided by wisdom and principle in considering the evidence offered as to value in this case, in making his finding heretofore quoted.

■ Appellant's third point is that the defendant corporation was not responsible for the alleged negligence. The argument is that the appellant is not responsible for the acts of its employee, the manager of its drug store. Appellant cites Archuleta v. Floersheim M. Co., 25 N. M. 632, 187 P. 272, 40 A. L. R. 199, presumably to the proposition that the master is not liable for the torts of his agent where the agent is not acting in the execution of his master's authority and within the course of his employment. That is the correct rule, but inapplicable to the facts in the case at bar. The plaintiff had been accustomed to purchase at defendant's drug stores Cascara Laxative Tablets and had administered them satisfactorily to her dogs. She asked defendant's servant, the drug store manager, for that kind of tablets, and the manager not finding them in stock, substituted another kind containing strychnine, as being "just as good" for the purpose to which plaintiff explained she desired to put them. Plaintiff employed the medicine thus furnished in the manner directed by the druggist with disastrous results, heretofore stated. In 19 Corpus Juris, Druggists, § 49, it is said: "A druggist who negligently delivers a deleterious drug when a harmless one is called for is responsible to the customer for the consequences, as being guilty of a breach of the duty which the law imposes on him to avoid acts in their nature dangerous to the lives of others." And again in section 55 of the same text, it is declared: "Where a customer asks for a drug for a particular specified purpose, the druggist impliedly represents that the drug which he sells is suitable for that purpose. The purchaser in such case is warranted in using the solution furnished without further inquiry, and if he exercises reasonable care in using it for such purpose, and injury results therefrom, the druggist is liable in damages." We do not doubt that the principles announced in the foregoing quoted texts are controlling in the case at bar. Plaintiff asked for a drug efficient and harmless for a declared specific use, and was given something else which was deleterious and when employed caused an injury to plaintiff's damage. So we find appellant's third point to be without merit.

■ The appellant's claim that plaintiff was concurrently negligent by failing to use medicines specifically prepared and designed as remedies for ailments of dogs, and in going to a druggist to buy home remedies and relying upon the druggist's advice, instead of procuring for her dog the professional services of a veterinarian or other doctor of medicine, we find to be without merit.

Having considered all the points presented and argued, and finding no error in the record, the judgment will be affirmed and the cause remanded, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.