WILLIAM F. JULIAN

*v.*

FRANK DE VINCENT, *et al.*

(No. 13043)

Submitted September 14, 1971. Decided November 2, 1971.

Dissenting Opinion November 8, 1971.

*Oakley J. Hopkins,* for appellants.

*Don J. Eddy,* for appellee.

BERRY, JUDGE:

This is an appeal from a final judgment of the Circuit Court of Monongalia County, West Virginia, which awarded William F. Julian, hereinafter referred to as appellee, $261.50 for the death of his dog which was killed by a dog owned by the appellants, Frank DeVincent and Emily DeVincent. This Court granted an appeal and supersedeas and the case was submitted without argument on the appellants' brief September 14, 1971, for a decision of this Court.

The case was appealed to the Circuit Court from a judgment of a justice of the peace court and tried by the circuit court in lieu of a jury upon a stipulation of facts by the parties. It appears from the stipulation of facts recited in

the record by the trial court that the appellants owned a large dog which had attacked two persons before the incident involved in this case. On the day in question appellants' dog, which was running at large, ran up onto the appellee's porch, attacked and killed his small dog. No statement with regard to the age of the appellee's dog is contained in the record.

The Circuit Court, in awarding damages to the appellee, stated that the value of the dog was $178.70, which was the exact amount of judgment rendered by the justice of the peace and itemized in the record. This is the only evidence contained in the record with regard to damages, and is itemized as follows: "Surgery & Care (Dr. Doza Mgt.) $49.00, Burial and Exam (Dr. Stewart Mgt.) $29.70, Plus Sentimental value, Mental Cruelty of Julian's children $100.00", a total of $178.70. To this amount the Circuit Court added $75 for damages to the upholstery of appellee's car caused by blood from the dog presumably while being transported to the veterinarian. The appellee's dog had been registered but there was no assessed value placed on the dog for taxation purposes.

The appellants contend that there can be no recovery of any amount for the value of the dog because of the provisions of Code, 19-20-12, as amended, which reads in part as follows: " * * * Any person whose dog shall be killed or injured wrongfully or unlawfully by any other person shall have a right of action against the person who shall so kill or injure such dog, but in no case can recovery be had in excess of the assessed value of such dog." However, the following section of Code, 19-20-13, as amended, provides: "Any owner or keeper of any dog who permits such dog to run at large shall be liable for any damages inflicted upon the person or property of another by such dog while so running at large." Code, 19-20-1, as amended, provides that any dog above the age of six months can be and is hereby declared to be personal property under the laws of this state.

It should be noted that Code, 19-20-12, as amended, which is primarily concerned with protection of registered dogs and criminal offenses in connection therewith, deals with recovery in civil actions against *a person* who kills or injures a dog belonging to *any person*. The next section, Code, 19-20-13, as amended, deals with the liability of any owner or keeper of any dog who permits such dog to run at large and damages the property of another person while it is allowed to run at large. See *Baer* v. *Tyler*, 261 Mass. 138, 158 N.E. 536. The statute and decided cases in this state clearly classify dogs, if over six months of age, as property. Code, 19-20-1, as amended; *State* v. *Voiers*, 134 W.Va. 690, 61 S.E.2d 521; *State* v. *Blake*, 95 W.Va. 467, 121 S.E. 488.

The case of *State* v. *Voiers, supra,* held that a dog of proper age, as required by statute, which was not assessed for taxation purposes was property and subject to larceny.

In order to recover damages for a dog the market value, pecuniary value or some special value must be proved and the general rule is that damages for sentimental value or mental suffering are not recoverable. 3 C.J.S., *Animals,* § 234, page 1346; 1 A.L.R.3d, page 1000; *Smith* v. *Palace Transp. Co.,* 253 N.Y.S. 87, 142 Misc. 93; *Wilcox* v. *Butt's Drug Stores,* 38 N.M. 502, 35 P.2d 978.

In the case at bar there apparently was no attempt made by the parties to prove or to agree as to the value of the dog which was killed. The record contained no stipulation of facts signed by the parties and Rule 80 (e) R.C.P. was not followed.

The judgment of the Circuit Court of Monongalia County is therefore reversed.

*Reversed.*

CALHOUN, JUDGE, dissenting:

Respectfully, I dissent. I would reverse the judgment of the Circuit Court of Monongalia County and remand the case to that court with directions to dismiss the case

from the docket on the ground that, in the peculiar circumstances of this case, the plaintiff has no cause of action arising from the death of his dog. The alleged cause of action is necessarily predicated upon one or more statutes. In my opinion, no statute of this state creates a cause of action for recovery of damages based on the facts of this case. In these circumstances, I would not undertake, in this case, to define the proper measure of damages resulting to the plaintiff from the death of his dog.

"The status of the dog before the law is sui generis. Dogs are generally regarded as property, although the authorities differ as to whether or not they constitute property in the full and unqualified sense of the term." 3 C.J.S., *Animals,* Section 3b, page 1086. "In some respects, however, property in dogs is of an imperfect or qualified nature, and they may be subjected to peculiar and drastic police regulations by the state without depriving their owners of any constitutional right." 4 AM. JUR. 2d, *Animals,* Section 6, page 254.

Statutes of this state declare that dogs are property in a qualified sense only. Code, 1931, 19-20-1, as amended, declares that dogs are personal property subject to the qualification expressly stated in the statute as follows: *"Any dog above the age of six months* shall be subject to taxation and *shall be and is hereby declared to be personal property* within the meaning and construction of the laws of this State." (Italics supplied.)

In *State* v. *Arbogast,* 133 W.Va. 672, 57 S.E.2d 715, it was held that, at common law, a dog could not be a subject of larceny and that this principle of law still applies in this state to dogs under the age of six months (formerly eight months) by reason of the statute quoted above. The Court's opinion in the instant case contains the following statement: "The statute and decided cases in this state clearly classify dogs, if over six months of age, as property. Code, 19-20-1, as amended; *State* v. *Voiers,* 134 W.Va. 690, 61 S.E.2d 521; *State* v. *Blake,* 95 W.Va. 467, 121 S.E. 488." It should be noted that both the *Voiers* case and the *Blake*

case dealt with charges of larceny of dogs. The Court's opinion is this case does not refer to any prior decision of this Court involving a civil action to recover damages for injuries to or death of a dog caused either by a person or by another dog.

By Section 1 of Chapter 83, Acts of the Legislature, Regular Session, 1925, an owner of a dog above the age of eight months was "permitted to place a value upon any dog owned by him and have such dog assessed as other personal property." Section 2 of the same enactment provided for criminal penalties for injuring or killing any dog "upon which taxes are paid, as herein provided." The same section contained the following provision: "And any person whose dog shall be killed wrongfully and unlawfully by any other person shall have a right of action against the person liable for the wrongful death of such dog, but in no such case can a recovery be had in excess of the assessed value of the dog. And in no case can a recovery be had if either the head or the property tax against such dog be delinquent at the time such dog may have been killed or injured." Section 1 of Chapter 83, Acts of the Legislature, 1925, in which the language quoted above appears, subsequently was embodied in Code, 19-20-5, in substantially identical language.

When the Official Code of 1931 was adopted, there was included therein Article 20 of Chapter 19, which article dealt exclusively with the subject of "Dogs." By Chapter 69, Acts of the Legislature, Regular Session, 1951, Article 20 of Chapter 19 of the 1931 Official Code was repealed and reenacted in an amended form. Minor amendments of portions of that article were made in 1965, 1967 and 1971. Article 20 of Chapter 19, nevertheless, still deals exclusively with the subject of "Dogs." By reason of the 1951 enactment, Code, 1931, 19-20-11, continues to be as follows: "In addition to the head tax on dogs provided for in this article, the owner of any dog above the age of six months *shall be permitted* to place a value on such dog and have such dog assessed as personal property in the same manner and at the same rate as other personal property." (Italics

supplied.) If dogs were "personal property" in the full sense of that term, an owner of a dog would not merely "be permitted" to have the dog assessed for purposes of ad valorem taxation; rather he would be required to do so. Section 1 of Article X of the Constitution of West Virginia mandatorily requires, subject to certain exemptions therein enumerated, that "all property, both real and personal, shall be taxed in proportion to its value * * *." Dogs are not included within any of the categories of property which are exempt from the mandatory constitutional language quoted above.

Code, 1931, 19-20-12, as amended, continues to deal with subject matter described in the statute as follows: "Dogs protected by law; unlawful killing thereof; aggrieved owner's remedy." I believe, therefore, that Code, 1931, 19-20-12, as amended, represents the complete and exclusive statutory provision relative to the legal protection afforded to dogs and also relative to the rights and remedies of one whose dog has been wrongfully or unlawfully injured or killed. A portion of that statutory provision is as follows:

> "Any dog which is registered, kept, and controlled as provided in this article shall be protected by law; and any person who shall unlawfully kill or injure, administer poison to or knowingly expose the same so that it shall be taken by any such dog, or shall, in any other manner, intentionally and unlawfully cause the death or injury of any such dog shall be guilty of a misdemeanor, and, *if such dog be of the assessed value of more than twenty dollars,* shall, upon conviction, be imprisoned in the county jail at hard labor, for a period not in excess of twelve months, or fined not in excess of two hundred dollars, or both, in the discretion of the court; *and if such dog be of twenty dollars or less in assessed value,* such person shall be imprisoned in the county jail at hard labor for a period not in excess of six months, or fined not in excess of fifty dollars, or both, in the discretion of the court. Any person whose dog shall be killed or injured wrongfully or unlawfully *by any other person* shall have a right of action against the person who

shall so kill or injure such dog, *but in no case can recovery be had in excess of the assessed value of such dog.* In no case can any action under the provisions of this section be maintained if the dog concerned shall not have been duly registered pursuant to the provisions of this article at the time the cause of action shall have arisen." (Italics supplied.)

Code, 1931, 19-20-14, as amended, makes specific provision for recovery of damages caused by dogs to other animals and to poultry. A portion thereof is as follows: "If any dog shall have killed or assisted in killing, wounding or worrying any sheep, lambs, goats, kids, calves or poultry * * * the owner or keeper of such dog shall be liable" in an action for recovery of damages as provided in that statute. By a 1971 amendment, "calves" were included in the category of animals listed in the statute. If the legislature had intended to create a civil liability of an owner of a dog which injured or killed another dog, it is reasonable to assume that the legislature would have included dogs in the category of animals listed in this statute. All provisions of Article 20 of Chapter 19 relate to dogs and all provisions thereof, therefore, must be considered in pari materia. The express enumeration in Section 14 of various types of animals impliedly excludes types of animals, including dogs, which are not specifically included in the statutory language. This Court has consistently recognized and applied the legal principle that, in the construction of statutory language, the express mention of one thing implies the exclusion of another. *State ex rel. Battle* v. *Hereford,* 148 W.Va. 97, 103, 133 S.E.2d 86, 90; *Parkins* v. *Londeree,* 146 W.Va. 1051, pt. 2 syl., 124 S.E.2d 471; *Ratcliff* v. *State Compensation Commissioner,* 146 W.Va. 920, 925, 123 S.E.2d 829, 831.

Code, 1931, 19-20-12, as amended, creates a right of action in the owner of a dog which has been wrongfully or unlawfully injured or killed "by any other person." By clear and unambiguous language, the statute limits an owner's right to recover damages for an injury to or the death of the owner's dog to a situation in which the

injury or death is caused by a "person". By equally clear and unambiguous language, the amount of recovery must be limited to an amount not "in excess of the assessed value of such dog." An anomalous and ridiculous result of the Court's decision in the instant case is that if a dog is wrongfully or unlawfully injured or killed by a "person," there can be no recovery "in excess of the assessed value" of the dog; and yet, if a defendant's dog kills a plaintiff's dog, there may be a recovery of damages by the plaintiff against the defendant in an unrestricted amount, and irrespective of the fact that the dog which was thus injured or killed by another dog had no "assessed value" whatsoever.

In deciding this case, we should not overlook the fact that Code, 1931, 19-20-12, as amended, provides that any person who shall "intentionally and unlawfully cause the death or injury of any" dog shall be guilty of a misdemeanor and that the statute provides for two categories of punishment of one who may be convicted of such a misdemeanor, depending upon the amount of "the assessed value" of the dog which is intentionally and unlawfully killed or injured. It appears to me to be unmistakably manifest from this statute that there can be no conviction of a charge of a misdemeanor and that there can be no recovery of damages unless the dog which is injured or killed has been previously assessed as personal property. It is equally manifest from the statute that both the severity of punishment for commission of the misdemeanor and the amount of recovery of damages in a civil action are dependent upon the amount of the assessed value of the dog. Stated otherwise, the statute provides for a criminal offense and for recovery of damages, but only in relation to a dog which, pursuant to the provisions of Code, 1931, 19-20-11, as amended, is "above the age of six months" and is "assessed as personal property in the same manner and at the same rate as other personal property." The assessment of a dog as personal property was recognized as a prerequisite to a valid conviction of a

charge of a misdemeanor under a similar Virginia statute. *Anderson v. Commonwealth,* 182 Va. 560, 29 S.E.2d 838.

In a case involving an action for recovery of damages for the negligent killing of a dog pursuant to a statute of the State of Louisiana, the following language appears in *Sentell v. New Orleans and Carrollton Railroad Company,* 166 U. S. 698, 706:

> "In Louisiana there is only a conditional property in dogs. If they are given in by the owner to the assessor, and placed upon the assessment rolls, they are entitled to the same legal guaranties as other personal property, though in actions for their death or injury the owner is limited in the amount of his recovery to the value fixed by himself in the last assessment. It is only under these restrictions that dogs are recognized as property. In addition to this, dogs are required by the municipal ordinance of New Orleans to be provided with a tag, obtained from the treasurer, for which the owner pays a license tax of $2. While these regulations are more than ordinarily stringent, and might be declared to be unconstitutional, if applied to domestic animals generally, there is nothing in them of which the owner of a dog has any legal right to complain. It is purely within the discretion of the legislature to say how far dogs shall be recognized as property, and under what restrictions they shall be permitted to roam the streets. The statute really puts a premium upon valuable dogs, by giving them a recognized position, and by permitting the owner to put his own estimate upon them."

I believe that the language of the Supreme Court of the United States quoted immediately above applies forcefully to this case.