607 S.E.2d 828

Russell E. HAINES and Estella J. Haines, Plaintiffs Below, Appellants,

v.

HAMPSHIRE COUNTY COMMISSION and David Gee, Defendants Below, Appellees.

No. 31702.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 8, 2004.

Decided Nov. 15, 2004.

500

Christopher A. Davis, Esq., Davis Law Offices, Romney, for Appellants.

Joseph L. Caltrider, Esq., Bowles Rice McDavid Graff & Love, Martinsburg, for Appellees.

PER CURIAM.

On November 27, 2002, the appellants, Russell E. Haines and Estella J. Haines, filed a complaint against the appellees, the Hampshire County Commission and the Hampshire County Animal Control Officer, David Gee, arising from the adoption of their dog following its impoundment by Officer Gee. The appellants sought various damages including: possession of their dog; monetary compensation; removal of Officer Gee from his duties as Hampshire County Humane Officer; attorney's fees; costs; and other prospective damages. On December 26, 2002, the appellees filed a motion to dismiss for a failure to state a claim upon which relief could be granted. On January 30, 2003, the Circuit Court of Hampshire County dismissed, without prejudice, the appellants' complaint pursuant to W.Va.R.C.Pro. 12(b)(6), for the failure to state a claim upon which relief could be granted. On March 21, 2003, the appellants filed an amended complaint. On June 2, 2003, the Circuit Court of Hampshire County granted the appellees second motion to dismiss pursuant to W.Va. R.Civ.Pro. 12(b)(6). The appellants now appeal that decision. After reviewing the facts of the case, the issues presented, and the relevant statutory and case law, this Court affirms the decision of the circuit court.

## I.

### FACTS

On August 14, 2002, following a complaint about a dog running at large, Officer Gee seized the appellants' dog in accordance with West Virginia Code § 19–20–6(a) (1982).[1] As the dog's registration tags were illegible, Officer Gee was unable to identify the appellants as the dog's owners. As such, he im-

---

1. W.Va.Code § 19–20–6(a), in part, provides:

The county dog warden and his deputies shall patrol the county in which they are appointed and shall seize on sight and impound any dog more than six months of age found not wearing a valid registration tag, except dogs kept constantly confined in a registered dog kennel. They shall be responsible for the proper care and final disposition of all impounded dogs. The county dog warden shall make a monthly report, in writing, to the county commission of his county. When any dog shall have been seized and impounded, the county dog warden shall forthwith give notice to the owner of such dog, if such owner be known to the warden, that such dog has been impounded and that it will be sold or destroyed if not redeemed within five days. If the owner of such dog be not known to the dog warden, he shall post a notice in the county courthouse. The notice shall describe the dog and the place where seized and shall advise the unknown owner that such dog will be sold or destroyed if not redeemed within five days.

pounded the dog. On August 15, 2002, as prescribed by W.Va.Code § 19–20–8 (1991),[2] Officer Gee posted a public notice for a five day period at the Hampshire County Courthouse that included a description of the dog. Officer Gee then waited an additional eight days, and on August 28, 2002, he transported the dog to PetSmart in Winchester, Virginia, where the dog was spayed, treated for infection, and later adopted.

In contrast, the appellants contend that they contacted Officer Gee on or about August 10, 2002, to report that their dog was missing. The appellants further allege that on or about September 4, 2002, there was a notice depicting a photograph of their missing dog in a local newspaper stating that the dog was available for adoption through the Hampshire County Pet Adoption Program.[3] The appellants maintain that on or about September 6, 2002, they contacted Officer Gee with regard to the notice and were informed that the dog had already been adopted.

Accordingly, on November 27, 2002, the appellants filed a complaint alleging that their substantive and procedural due process rights were violated. They argued that their dog was held in custody without notifying them of its whereabouts and then was unlawfully sold. In response, on December 26, 2002, the appellees filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to W.Va. R.Civ. Pro. 12(b)(6). On January 30, 2003, the circuit court granted the appellees' motion to dismiss, without prejudice, and allowed the appellants sixty days to file an amended complaint. On March 21, 2003, the appellants filed an amended complaint. On June 2, 2003, the circuit court again dismissed the appellants' motion pursuant to W.Va. R.Civ. Pro. 12(b)(6), stating that the appellants failed to state a claim upon which relief could be granted. This appeal followed.

## II.

## STANDARD OF REVIEW

As was previously stated, the appellants filed their initial complaint in 2002. Before filing an answer, the appellees filed a motion to dismiss the complaint under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Like its federal counterpart, Rule 12(b) "permits [a] party to raise certain defenses and objections by motion filed before serving an answer." 2 Moore's Federal Practice, § 12.12 (2003).

Rule 12(b)(6) of the West Virginia Rules of Civil Procedure states in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, *(6) failure to state a claim upon which relief can be granted,* (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law

2. W.Va.Code 19–20–8, provides:

All dogs seized and impounded as provided in this article, except dogs taken into custody under section two of this article, shall be kept housed and fed in the county dog pound for five days after notice of seizure and impounding has been given or posted as required by this article, at the expiration of which time all dogs which have not previously been redeemed by their owners as provided in this article, shall be sold or humanely destroyed. No dog sold as provided in this section may be discharged from the pound until the dog has been registered and provided with a valid registration tag.

3. The notice stated, "The Hampshire County Pet Adoption Program has for adoption 'Betty' a female yellow Labrador approximately 2–3 years old. Betty is friendly, playful and housebroken. This beautiful animal would love to have someone special to give her a permanent home."

or fact to that claim for relief. If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(Emphasis added.)

■■■■ In Syllabus Points 1 and 2 of *Holbrook v. Holbrook*, 196 W.Va. 720, 474 S.E.2d 900 (1996) (per curiam), we held:

1. "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

2. " 'The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99 [102], 2 L.Ed.2d 80 (1957)." Syl. pt. 3, *Chapman v. Kane Transfer Company*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

Moreover, in *Kessel v. Leavitt*, 204 W.Va. 95, 119, 511 S.E.2d 720, 744 (1998), we also stated, "When a circuit court grants a Rule 12(b)(6) motion and dismisses a complaint for failure to state a claim upon which relief can be granted, appellate review of the circuit court's dismissal of the complaint is *de novo.*" Accord, *Shaffer v. Charleston Area Med. Ctr., Inc.*, 199 W.Va. 428, 433, 485 S.E.2d 12, 17 (1997).

## III.

## DISCUSSION

■■■ The appellants maintain that the circuit court erred by granting the appellees'

motion to dismiss for failure to state a claim upon which relief could be granted. The appellants argue that they are able to prove facts entitling them to various relief including: possession of their dog; or, in the alternative, monetary compensation for their loss; removal of Officer Gee from his duties as Hampshire County Humane Officer; reasonable attorney's fees and costs; past and present mental anguish, fright, worry, emotional harm and embarrassment; punitive damages; other damages endured in the past and to be endured in the future; and any other relief which justice may require and the law permits.

Conversely, the appellees maintain that the circuit court correctly granted their motion because the appellants did not state a claim upon which relief could be granted. We agree. The appellants seek three types of damages, *i.e.*, repossession of their dog, monetary damages, and the removal of Officer Gee. Upon reviewing the facts presented and the applicable law, we believe that the appellants' allegations do not state a legal basis upon which any of their requested relief can be granted.

In this case, the appellees followed the proper procedures in enforcing the statutory provisions of the West Virginia Code. On August 14, 2002, after receiving a complaint about a stray dog, Officer Gee impounded the appellants' dog pursuant to W.Va.Code § 19–20–22 (1981),[4] which requires the confinement of female dogs during the period of estrus. Next, in compliance with W.Va.Code § 19–20–6, a public notice describing the dog was placed in the county courthouse. Then, instead of exercising his option to euthanize the dog at the expiration of the prescribed notice period, Officer Gee kept the dog for an additional eight days and ultimately transported her to a PetSmart in Winchester, Virginia, where she was spayed, treated for infection, and legally adopted.

While we sympathize with any pet owner who loses a companion animal for any reason,

4. W.Va.Code § 19–20–22 provides:
 Every person owning or harboring a female dog, whether licensed or unlicensed, shall keep

 such dog confined in a building or secure enclosure for twenty-five days during the period of estrus.

the facts of this case as presented did not warrant intervention or relief by the circuit court. We must also point out that a finding by this Court in favor of the appellants, given the facts of this case, would render the effect of numerous animal control statutes virtually null and void inasmuch as county employees, including county humane officers, would fear the filing of legal actions each time they legitimately enforced the statutory laws of this State. As such, intervention by this Court in such a manner would necessarily have a chilling effect on future enforcement efforts.

As we have explained, there is no evidence that Officer Gee acted improperly. The appellants do not allege that they contacted Officer Gee at any time between August 14, 2002, when Officer Gee impounded the dog, and September 6, 2002, when they did ultimately contact Officer Gee regarding the adoption notice published in the local newspaper. The appellants further do not describe any efforts to find their dog during this time period.[5] It appears that if the appellants had been diligent they had myriad opportunities to claim their dog. It seems fairly basic that someone who had lost a pet dog would have contacted the local animal control officer at the very least on a weekly basis. Appellants failed to do so timely, and they are now without recourse against the appellees as the dog has been lawfully adopted by other persons in another State.

Furthermore, while we find that the appellants' argument fails on its face, we are compelled to point out additional problems with their argument. For instance, the appellants' quest for repossession of the dog against the appellees is misdirected as the appellees are no longer in possession of the dog and the lack of such possession of the personal property sought is a valid defense to a cause of action for the return of personal property under W.Va.Code § 55–6–1 (1981).[6] Likewise, the appellants' alternative request for monetary compensation, in lieu of the dog's return, is without merit as the appellants admit that their dog was not assessed as personal property by the Hampshire County Assessor. Thus, their claim for monetary damages would be indeterminable in light of W.Va.Code § 19–20–11 (1951).[7]

With regard to damages sought for emotional distress and mental anguish, the appellants correctly recognize the difficulties with their own argument as they cite this Court's holding in *Julian v. DeVincent*, 155 W.Va. 320, 184 S.E.2d 535 (1971), which disallowed damages for sentimental value or mental distress. This Court in its Syllabus in *DeVincent* held, "In order to recover damages for the loss of a dog the market value, pecuniary value or some special value must be proved

---

5. People who have lost animals have numerous resources available to help them locate such animals. While they are not always successful, some of those methods include walking the neighborhood searching for the lost pet; calling every animal shelter, animal control department, humane society, breed rescues, and veterinarians in the surrounding area; providing a very detailed description of the animal, including the name of the pet, sex, age, breed type, weight, color and distinctive markings; making a flyer and posting it in as many places as possible within a ten-to-twenty-mile radius, particularly in areas where pet owners go, *i.e.*, pet stores, vets, groomers, grocery stores, libraries, and schools; knocking on doors in neighborhoods; calling local radio stations and placing lost pet ads in local and daily newspapers; and finally, checking the local shelters and animal control departments at least every other day after initially alerting them of the lost animal.

6. W.Va.Code § 55–6–1 provides:
 If the plaintiff in a civil action, whether in a circuit court or magistrate court, for the recov-

ery of specific goods, chattels, or intangible personal property, shall demand immediate possession thereof, a prejudgment hearing shall be held in not less than five nor more than ten days after service upon the defendant of the summons, a verified complaint describing said personal property, and a notice of the time, place, and purpose of the prejudgment hearing. At the prejudgment hearing an inquiry shall be held to determine: (a) the nature of the right or contract under which the plaintiff claims a right to immediate possession; and (b) the nature of the defendant's right to retain possession thereof.

7. W.Va.Code § 19–20–11 provides:
 In addition to the head tax on dogs provided for in this article, the owner of any dog above the age of six months shall be permitted to place a value on such dog and have such dog assessed as personal property in the same manner and at the same rate as other personal property.

and the general rule is that damages for sentimental value or mental suffering are not recoverable." *Id.*

Finally, the appellants argue that the circuit court's dismissal of their case was not appropriate as they could still be entitled to other relief, *i.e.*, the removal of the Animal Control Officer, attorney's fees, costs, and their request for punitive damages. Having determined that the appellees acted wholly within the scope of applicable West Virginia laws, the appellants have not stated any viable claims for which they are entitled to relief. Consequently, we believe that the circuit court correctly dismissed the appellants' complaint.

### IV.

### CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Hampshire County entered on June 2, 2003, is affirmed.

Affirmed.