[L. A. No. 5273. Department Two.—December 1, 1919.]

LOS ANGELES INVESTMENT COMPANY (a Corporation), Respondent, v. EDWARD A. WILSON et al., Appellants.

[1] LEASE—PRIVILEGE OF PURCHASE—ACTION TO TERMINATE—DEFAULT IN PAYMENTS—FINDING WITHOUT SUPPORT.—In an action to terminate a written instrument, called a lease with the privilege of purchase, based upon alleged default in the payment of monthly installments, the finding that the purchaser or lessee was in default at the commencement of the action is without support, where the instrument provided for the payment of a rental of $36 per month and no more for the term of one hundred and twenty months, and the payments made by the purchaser or lessee, if applied to the debt, showed an average of more than $36 for each month that the instrument had been in existence.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

F. M. Shepard and H. E. Gleason for Appellants.

Flint & Jutten, Flint and Mackay, L. W. Jutten, H. S. Mackay, Jr., Ed. R. Brainerd, Jr., William R. Flint and J. H. Schenck for Respondent.

MELVIN, J.—Defendants appeal from a judgment in favor of plaintiff in an action to terminate an agreement in writing by which Jennie B. Wilson entered into a contract with plaintiff to lease certain property with the privilege of purchase. Edward A. Wilson is made a party to the action because he is the husband of said Jennie B. Wilson.

The instrument on which the action was founded is called a "Lease with Privilege of Purchase." It relates to lot thirty-seven, tract No. 1798, as per map recorded in book 21, page 40 of maps, records of the county of Los Angeles. The term is for one hundred and twenty months, commencing on the first day of March, 1913. The rental is $36, payable in advance on or before the first day of each month. It was agreed that if any default should be made in payment of rent or any other covenant or covenants the landlord might re-enter the premises and that the rights of the tenant should thereupon cease and that the agreement of sale should immediately terminate. The tenant was given the right to purchase the lot for $3,550 plus taxes, insurance, and assessments, and interest at seven per cent per annum. And it was further provided that "any amounts paid as rent shall apply, first to the payment of interest due, second to the payment of taxes, insurance, and assessments, and the balance shall be applied to the payment of the principal." It was agreed that when the vendee should have paid forty per cent of the purchase price and interest the vendor would execute a deed to the property and take a mortgage.

Plaintiff's action was based upon alleged default in the payment of monthly installments. Defendants denied any such default, and in a cross-complaint alleged that on March 25, 1913, and during the faithful performance by her of the contract Mrs. Wilson elected to and did purchase

the premises by payment to plaintiff of three hundred dollars, and the further sum of $36 per month until April 3, 1916, when, it is alleged, the Los Angeles Investment Company abandoned the agreement and refused further performance, after receipt of $1,446 under the contract.

The court found that $1,446 had been paid by defendant and cross-complainant—three hundred dollars in March, 1913, and various other sums each of $36 or double that amount irregularly paid up to November, 17, 1915; that the sum of $30 was received February 5, 1916, and that "no payments, pursuant to the terms of said agreement, have been offered or received subsequent to January 1, 1916." It was also found that subsequent to that time and up to the commencement of the action $180 became due in installments of $36 per month, and that on January 1, 1917, there was due the further sum of $288 (or $468 altogether). The court found, also, that at all times since the date of the agreement plaintiff was ready and willing to perform all the covenants of the agreement by it to be performed, and that at all times since the date of said contract Jennie B. Wilson was ready and able and willing to keep and perform all the conditions and terms thereof. As conclusions of law, it was determined that plaintiff should have its title quieted, the premises restored, and that defendants should take nothing unless within thirty days of judgment they should pay $468 to plaintiff, whereupon Jennie B. Wilson should be restored to her former rights. The findings of fact and conclusions of law were dated January 30, 1917, and under date of March 5, 1917, a decree and judgment were given quieting plaintiff's title to the premises and declaring the contract canceled and of no effect.

Appellants insist that Mrs. Wilson was not in default at the time of the commencement of the action. This is true if the contract did not require the payment of at least $36 every month beyond any sums that might have been credited on the purchase price, because the sum of three hundred dollars, made up of two payments during the first month of the life of the agreement (March, 1913), if added to the amounts paid at irregular intervals averaging $36 a month up to January 1, 1916, would bring the average up to $36 a month for a much longer period. In other words, Mrs.

Wilson's counsel contend that (1) the agreement, while termed a "lease with privilege of purchase," was really a conditional sale of the property for $3,550, payable in installments of $36 or more monthly; (2) that the vendee was not in default so long as her credit, if applied to the debt, showed an average of more than $36 for each month that the agreement had been in existence, and (3) since her credit at the date of the institution of the suit was sufficient to show an average of more than $36 a month, the suit was premature, as no breach of the contract had been made at that time. Stated in figures, the position of defendants is as follows:

Total amount paid by defendants, under
    terms of the contract, as shown by
    plaintiff's evidence, and admitted by
    the pleadings ..............................$1,446
Total number of monthly payments, from
    May 1, 1913, the date of the agreement,
    to May 18, 1916, the date of the com-
    mencement of the action, 37 months at
    $36 per month...................... $1,332
Balance to credit of defendants on date of
    commencement of action..............  114
                                              ——

                                                 $1,446

[1] We see no escape from this conclusion. The agreement did not require the payment of any sum greater than $36 a month for one hundred and twenty months. Payment of a greater sum was optional with Mrs. Wilson. If she chose to pay more than $36 at any one time (as she did) such payment must be considered as having been made "on or before" any date on which she failed to make payment of $36. The finding that Mrs. Wilson was in default at the commencement of this action was, therefore, without support. The action was prematurely commenced.

    The judgment is reversed.

    Wilbur, J., and Lennon, J., concurred.

    Hearing in Bank denied.

    All the Justices except Angellotti, C. J., concurred.