BALLANCE *v.* DUNNINGTON.

1. APPEAL AND ERROR — IN REVIEWING DENIAL OF DEFENDANT'S MOTION FOR DIRECTED VERDICT PLAINTIFF'S TESTIMONY MUST BE FAVORABLY CONSIDERED.

> In reviewing the denial of defendant's motion for a directed verdict, the Supreme Court must accord the plaintiff's testimony verity and give it probative value within the limits of every reasonable inference the jury could draw therefrom.

2. PHYSICIANS AND SURGEONS—MALPRACTICE—NEGLIGENT USE OF X-RAY MACHINE.

> In an action for malpractice in the alleged negligent use of an X-ray machine, resulting in necessary amputation of plaintiff's right foot, evidence *held*, to present an issue of fact for the jury.

3. SAME—NEGLIGENCE—DEGREE OF SKILL REQUIRED THAT POSSESSED BY ORDINARY OPERATOR.

> The standard of care, skill, and diligence required of an X-ray machine operator is not fixed by the *ipse dixit* of an expert, but by the care, skill, and diligence ordinarily possessed and exercised by other operators in similar localities.

4. APPEAL AND ERROR—MALPRACTICE—HYPOTHETICAL QUESTIONS.

> A hypothetical question, asked of an expert, as to whether, in his opinion, exposure of plaintiff's foot to the X-ray for the length of time testified to by him was proper or improper, *held*, not objectionable on the ground that it assumed scientific facts not in evidence, since even the merest tyro would know that it was improper, and defendant so admitted, but denied any such exposure.

5. EVIDENCE—EXPERT MUST ACCEPT AS TRUE FACTS STATED IN HYPOTHETICAL QUESTION.

> An expert witness, in answering a hypothetical question, must accept as true every asserted fact stated therein, but the jury cannot consider the answer of the expert unless they find the evidence establishes the truth of all such asserted facts.

---

[1]Appeal and Error, 4 C. J. § 2709; [2]Physicians and Surgeons, 30 Cyc. p. 1588; [3]Id., 30 Cyc. p. 1570; 28 L. R. A. (N. S.) 262; 43 L. R. A. (N. S.) 734; 13 A. L. R. 1414; 26 A. L. R. 762; 21 R. C. L. 386; 3 R. C. L. Supp. 1152; 4 R. C. L. Supp. 1413; 5 R. C. L. Supp. 1157; 6 R. C. L. Supp. 1264; [4]Appeal and Error, 4 C. J. § 2950; [5]Evidence, 22 C. J. §§ 810, 823.

6. APPEAL AND ERROR—WEIGHT OF TESTIMONY ON WHICH HYPO-
THETICAL QUESTION BASED IS FOR JURY.

In considering a challenged hypothetical question, the
Supreme Court may give no thought to the weight of the
testimony, for, if there ·is any competent testimony sup-
porting the asserted facts, the question goes to the jury.

7. PHYSICIANS AND SURGEONS—MALPRACTICE—NEGLIGENCE—BURDEN
OF PROOF.

In an action for malpractice in the alleged negligent use
of an X-ray machine, resulting in the burning of plain-
tiff's foot and necessitated amputation, proof of the burn
was no proof of defendant's negligence, but, in order to
recover, plaintiff had the burden of showing that the burn
was occasioned by defendant's failure to exercise that
reasonable and ordinary care, skill, and diligence possessed
by others in the same line of practice in similar localities.

8. SAME—LIABILITY RESTS ON NEGLIGENCE.

In the use of an X-ray machine, the patient assumes the
risk of a burn from a proper exposure, and the operator
incurs the liability to respond in damages if the patient
is burned through his negligence.

9. APPEAL AND ERROR—TRIAL—CREDIT TO BE GIVEN TESTIMONY IS
FOR JURY.

The credit to be given the testimony of plaintiff relative
to the time his foot was exposed to the X-ray rested with
the jury, and the Supreme Court may not hold it of no
probative value.

10. SAME—EXCEPTION TO REMARKS BY COURT.

An exception by counsel may be taken to prejudicial re-
marks by the trial judge, although no objection thereto
was made at the time.

11. SAME—BILL OF EXCEPTIONS MAY BE REMANDED FOR CORRECTION,
BUT MAY NOT BE ADDED THERETO.

While a bill of exceptions may be remanded for correction
in accordance with facts existing at the time it was settled,
neither it nor the record may be remanded to have added
thereto action taken in the circuit to meet an error assigned
and argued before the Supreme Court and under advise-
ment.

---

[6]Appeal and Error, 4 C. J. § 2830; Evidence, 22 C. J. §§ 804, 823;
[7]Physicians and Surgeons, 30 Cyc. p. 1584; [8]Id., 30 Cyc. p. 1575;
[9]Appeal and Error, 4 C. J. §§ 2830, 2833; Trial, 38 Cyc. pp. 1518,
1520; [10]Trial, 38 Cyc. p. 1325; [11]Appeal and Error, 4 C. J. § 2239
(Anno).

12. SAME — SUPREME COURT MAY NOT CONSIDER SUPPLEMENTAL OPINION BY TRIAL JUDGE AFTER CASE SUBMITTED.

Where the court stenographer was not present when an alleged prejudicial remark was made by the trial judge, and motion for new trial by reason thereof was supported by an affidavit by associate counsel, but no counter affidavit was filed, and no mention of the subject was made by the trial judge in denying the motion, upon which error was assigned, the Supreme Court must accept the showing made in the affidavit, and may not consider a supplemental opinion by the circuit judge traversing same, given after the case had been argued and submitted to it.

13. SAME—TRIAL—REMARK BY TRIAL JUDGE REVERSIBLE ERROR.

A remark by the trial judge to defendant's counsel that an argument made by him to the jury was gross error, and that if the jury rendered a verdict for defendant the judge would set it aside, was reversible error.

Error to Berrien; White (Charles E.), J. Submitted October 5, 1927. (Docket No. 28.) Decided January 3, 1928.

Case by William Ballance against Ruel N. Dunnington for malpractice. Judgment for plaintiff. Defendant brings error. Reversed.

*Alvah P. Cady, L. M. Ford,* and *L. W. Harrington,* for appellant.

*Charles W. Gore* (*Victor M. Gore,* of counsel), for appellee.

WIEST, J. This action was brought to recover damages for alleged malpractice by a physician in the use of the X-ray. Plaintiff stepped on a needle and it broke off in his foot. Defendant treated him, and, plaintiff claims, so burned his foot in a negligent use of X-ray as to cause him great pain and suffering and the ultimate loss of his right foot, by necessary am-

---

[12]Appeal and Error, 4 C. J. §2239 (Anno); [13]Id., 4 C. J. § 2937.

241—Mich.—25.

putation, about eight inches above the ankle. A jury awarded plaintiff $15,000 damages. Defendant reviews by writ of error.

At the close of plaintiff's proofs defendant moved for a verdict in his favor. The court denied the motion. The motion was in the nature of a demurrer to the evidence, and, in reviewing the denial, we must accord the testimony verity and give it probative value within the limits of every reasonable inference the jury could draw therefrom. We find no error in the denial of the motion. At the close of the proofs defendant again moved for a directed verdict. The motion was denied. We think the evidence presented an issue of fact for the jury.

At the trial long hypothetical questions were asked expert witnesses by plaintiff's attorney, and counsel for defendant allege error in overruling their objections thereto. It is insisted that the questions did not state scientific facts essential to be considered in giving an opinion. The experts seemed able to answer without the particular factors asserted, and, we think, the assumed facts in the questions justified the rulings. A hypothetical question was asked one expert and he was requested to state whether or not, in his opinion, the exposure of plaintiff's foot to the X-ray in the manner indicated was proper or improper. The expert answered: "I would say it is highly improper."

The court overruled the following objection:

"The question invades the province of the jury; that the question is too long and improper to be understood by this jury. That it assumes scientific facts not in evidence without which it is impossible to intelligently answer the question."

The standard of care, skill, and diligence required of an X-ray operator is not fixed by the *ipse dixit* of an expert, but by the care, skill, and diligence or-

dinarily possessed and exercised by others in the same line of practice and work in similar localities.    We pass the form of the question and the nature of the answer and hold there was no reversible error, for the reason that the question was based on the testimony of plaintiff relative to the period he was exposed to the X-ray, and which, if true (and had to be accepted as true by the expert), stated an exposure for a period even the merest tyro would know was improper, and every witness, including defendant, said such a dosage would have been improper.    Defendant denied any such dosage.    It should be remembered that an expert witness, in answering a hypothetical question, must accept as true every asserted fact stated therein, but the jury cannot consider the answer of the expert unless they find the evidence establishes the truth of all such asserted facts.    If the hypothetical question goes beyond the evidence it defeats itself and affords an excellent opportunity for argument before the jury to that effect.    In considering a challenged hypothetical question we can give no thought to the weight of the testimony, for, if there is any competent testimony supporting the asserted facts, the question goes to the jury.    Plaintiff's case rested upon the charge of negligence on the part of defendant in administering an excessive dosage and depended in the main upon his own testimony.    The doctrine *res ipsa loquitur* is not recognized in this State, and, therefore, proof of the burn was no proof of defendant's negligence. Plaintiff had the burden of showing that he suffered an X-ray burn occasioned by an overdosage or exposure of his foot, and that such happened because defendant failed to exercise the reasonable and ordinary care, skill, and diligence possessed by others in the same line of practice and work in similar localities.

The evidence discloses that X-ray burns do occasionally occur in the ordinary course of exposure and in

spite of the highest diligence and skill to prevent them; the reason being that persons of a certain type and temperament are susceptible to a burn while persons of a different type and temperament, under the same circumstances, will not suffer a burn.    It also appears that this idiosyncrasy cannot be determined before or during the time of exposure but is manifested only by subsequent developments.    Plaintiff assumed the risk of a burn from a proper exposure to the X-ray and defendant incurred the liability to respond in damages if the burn was occasioned by his negligence.

There exists for the guidance of the operator of an X-ray machine certain formula.    Plaintiff claimed his foot was exposed to the X-ray for two hours and a half, except for short intermissions.    The X-ray, in this instance, was not for treatment but to locate the needle in plaintiff's foot and to assist the defendant in an operation for its removal.    Defendant claimed the foot was exposed to the X-ray but a few seconds at a time and altogether about five minutes, and that, while plaintiff was in his operating room about two hours and a half, he was performing an operation on the foot to remove the needle, and did not require and did not use the X-ray, except as above stated.

It is strenuously insisted, in behalf of defendant, that plaintiff's testimony relative to the time his foot was exposed to the ray should not have carried that question to the jury, because it was a physical impossibility for plaintiff to have had knowledge on the subject.    The credit to be given the testimony of plaintiff relative to the time his foot was exposed to the ray rested with the jury and we may not hold it of no probative value.

Defendant moved for a new trial, alleging, among other grounds, error by the trial judge in making the following statement in the presence of the jury during the argument of counsel for defendant:

"Mr. Cady, that is gross error. You had no right to use such an argument to the jury, and if the jury render a verdict for the defendant in this case, I would set aside the verdict."

The court stenographer was not present, and the motion, in this particular, was supported by the affidavit of Leo M. Ford, one of defendant's attorneys. No counter affidavit was filed. The trial judge denied the motion and filed written reasons but made no mention of this subject. Defendant excepted to the denial, and has brought the question here by assignment of error. Such assignment of error, of course, accompanied notice of settlement of the bill of exceptions and was before the trial judge when he signed the bill. The motion for a new trial, the assignments of error, and the brief of counsel for defendant all challenged the attention of counsel for plaintiff to this matter, and counsel for plaintiff, in his brief, took the position that the defendant cannot urge the point because his counsel did not object to the remarks of the court. We need but say that counsel was not required to make an objection. If the remarks were made by the judge counsel was in no position to act in the capacity of moderator and was not required to challenge the propriety thereof by objection. An exception, under present practice, could be claimed. At the argument in this court the serious character of the claimed error was indicated, and later counsel for plaintiff brought the matter to the attention of the circuit judge who then filed, in the circuit court, a supplemental opinion or reasons for denying a new trial, and plaintiff, by motion, asks that the record be amended by inclusion thereof. The case was argued and submitted in this court October 5, 1927, and then taken under consideration. The supplemental opinion in the circuit was filed October 22, 1927; eleven months after denial of a new trial. In the supplemental opinion the circuit judge states that:

"As I recall the situation, the affidavit of Mr. Ford is not in strict accord with the facts.     Mr. Cady in his argument to the jury did use substantially the language as set forth in the affidavit of Mr. Ford.     At that time the stenographer was not in the court room, and no record was being taken of the argument.     As soon as Mr. Cady had made the statement in question, Mr. Gore, attorney for plaintiff, objected to the statement.     The court thereupon told Mr. Cady that in his ` judgment the argument was error and prejudicial, and that should the defendant obtain a verdict from the jury, the court might be called upon to set the same aside because of such prejudicial argument."

When the court stenographer was called he took the following:

"*Mr. Gore:* Counsel for the plaintiff strenuously objects to the statement of counsel for the defendant that the witnesses from Ann Arbor in this case were brought to this court by reason of influence of relatives of either the plaintiff or plaintiff's counsel.

"*Mr. Cady:* I did not so state to the jury that I believed it was influence brought by the plaintiff's counsel or relatives.

"*The Court:* Counsel for the defendant in arguing this case made the statement from which it might be inferred, that he wants the jury to infer, that certain witnesses were induced to come here by relatives of some one connected with the plaintiff's case.     The court holds that this is highly prejudicial to the plaintiff and the jury are instructed to pay no attention whatever to the argument made by counsel in respect to this phase of the case.

"*Mr. Cady:* I want also to have the record show that on being reprimanded by the court, I ask the court's pardon and ask the court to charge the jury to pay no attention to the remark—that this remark was brought out by the question by plaintiff's counsel yesterday asking the jury to determine what influence it was that brought these witnesses to testify in the case, and counsel for the defendant, if he is in error, in making the remark as said by the court, asks the jury to pay no attention to the remark whatever.     Is that satisfactory, your honor?

"*The Court:* Proceed."

We must decline to supplement the record by inclusion of the opinion of the circuit judge rendered after the case was argued and submitted here and without our consent.    *O'Flynn* v. *Eagle,* 8 Mich. 136. See, also, *Varrick* v. *Hitt,* 65 N. J. Eq. 778 (60 Atl. 47).    And at this late stage we must decline to remand the bill of exceptions for inclusion of action taken after certification of the record to this court. A bill of exceptions may be remanded for correction in accordance with facts existing at the time it was settled.    *People* v. *Vanderhoof,* 234 Mich. 419.    But we may not remand a bill of exceptions, or the record, to have added thereto action taken in the circuit to meet an error assigned and argued here and under advisement.    The rule we state may appear a hard one in this instance, but there must be a rule on the subject, otherwise error may be plainly apparent on a record before us in a case argued and submitted and may then be met by subsequent action in the circuit to cover the point.

We adopt the rule stated in *Johnson* v. *Couillard,* 4 Allen (Mass.), 446:

"Taking this bill of exceptions as allowed by the presiding justice, there is one error so palpable that it has been deemed proper to sustain the exceptions and set aside the verdict on that account alone. * * * It is said by the counsel for the plaintiff, and, as we have much reason to suppose, correctly, that there is an error in the bill of exceptions, and that proper instructions were given on that point.    But no amendment of the bill of exceptions having been offered until after the case had been submitted to us on argument by the respective counsel, we have not thought it proper at so late a stage of the case to receive any certificate to that effect without the consent of both parties, and especially in a case where the error can produce no greater evil than a new trial."

It seems the circuit judge, in denying the motion

for a new trial, did not notice this point, and the briefs filed with. him did not mention it, and, therefore, he overlooked it in giving his reasons.    We surely would not, before or after argument here, remand the record to enable the circuit judge to render a supplemental opinion or give reasons to meet an error assigned, and much less should we countenance such action without our permission.    Upon the record before us, we must accept the showing. made in the affidavit of Mr. Ford and may not consider the traverse thereof in the supplemental opinion .by the circuit judge.    Upon the record before us a new trial should have been granted.

The judgment is reversed and a new trial granted, with costs to defendant.

FLANNIGAN, C. J., and FELLOWS, CLARK, McDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.