CZAJKA *v.* SADOWSKI.

1. PHYSICIANS AND SURGEONS—STANDARD OF SKILL REQUIRED OF GENERAL PRACTITIONER.

The standard of care, skill, and diligence required of a physician and surgeon in general practice is not that of an expert or skilled specialist, but is that ordinarily possessed and exercised by others in the same line of practice and work in similar localities.

2. SAME—MALPRACTICE NOT ESTABLISHED BY SHOWING SKILL USED WAS NOT THAT OF SPECIALIST.

In an action for malpractice in the treatment given for fractured bone in the leg, where there was no proper medical testimony that the treatment given was improper, a verdict was properly directed for defendant, who was a general practitioner, notwithstanding testimony that defendant did not reach the standard of a skilled specialist.

Error to Wayne; Murphy (Alfred J.), J.   Submitted April 10, 1928.   (Docket No. 78, Calendar No. 33,646.) Decided June 4, 1928.

Case by Walter Czajka against Roman J. Sadowski for malpractice.   Judgment for defendant on a directed verdict.   Plaintiff brings error.   Affirmed.

*Louis B. Ver Wiebe,* for appellant.

*August Cyrowski,* for appellee.

CLARK, J.   Plaintiff in Detroit suffered fracture of a bone in the leg, and defendant, a physician and surgeon, was called to reduce it.   In the treatment given defendant is charged with malpractice.   Plaintiff and other lay witnesses in his behalf testified of the facts respecting treatment, and, to prove that it was in some respects improper, plaintiff called a

On standard of skill and care required of physician and surgeon, see annotation in 37 L. R. A. 830; L. R. A. 1915C, 595; 21 R. C. L. 381; 3 R. C. L. Supp. 1152; 4 R. C. L. Supp. 1413; 5 R. C. L. Supp. 1156; 6 R. C. L. Supp. 1264; 7 R. C. L. Supp. 709.

medical witness, Dr. Malejan, who testified of opinion relative to some features of the treatment.

Dr. Malejan according to the record is a specialist of high degree of skill and efficiency, of greater skill and learning than that ordinarily possessed by the average of members of the profession in that locality, and he gave opinion based upon the standards of the skilled specialist. At the conclusion of proof, the trial judge directed a verdict for defendant, who had judgment, and plaintiff brings error.

In expressing approval of directing a verdict we discuss but one matter. Defendant was

"bound to bestow such reasonable and ordinary care, skill, and diligence a's physicians and surgeons in the same neighborhood, in the same general line of practice, ordinarily have and exercise in like cases." 21 R. C. L. p. 381; citing *Miller* v. *Toles*, 183 Mich. 252 (L. R. A. 1915C, 595).

Measured by such rule, there is no evidence that the treatment given by defendant was improper. The medical testimony is to the effect that what defendant did does not reach the high standards of the skilled specialist. The standard of care, skill, and diligence required of defendant in his general practice

"is not fixed by the *ipse dixit* of an expert, but by the care, skill, and diligence ordinarily possessed and exercised by others in the same line of practice and work in similar localities." *Ballance* v. *Dunnington*, 241 Mich. 383.

There being no proper medical testimony that defendant's treatment was improper, no case was made. *Spaulding* v. *Bliss*, 83 Mich. 311. No other question merits discussion.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.