**MARTIN et al. v. SCHLEIN.**

No. 879.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 4, 1950.

Decided Feb. 23, 1950.

Albert A. Stern, Washington, D. C., for Eva J. Martin, and Ruffin A. Brantley, Washington, D. C., with whom Ernest F. Williams, Washington, D. C. was on the brief, for Robert F. Cogswell, Administrator of Rent Control, appellants.

Herman Miller, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee landlord[1] sued appellant tenant for possession of housing accommodations on the ground of nonpayment of rent. The tenant, admitting that she had not paid rent as provided in her lease, defended on the ground that the rent fixed in the lease agreement was in excess of the legal rent ceiling previously fixed by the Administrator of Rent Control.

The premises in question are part of the basement of what was formerly a three-story and basement dwelling house. While under the control of a former landlord, the rent for the basement quarters had been fixed by the Administrator at $38 per month. Prior to the present tenant's occupancy the present landlord remodeled the entire building into four apartments at a cost of approximately $14,000. After the remodeling was completed the basement quarters were rented to the present tenant for $67.50 per month.

The trial court, sitting without a jury, found that the basement quarters as remodeled constituted new housing accommodations and therefore were not subject to the previous rent ceiling. Judgment was entered for the landlord and this appeal followed.

If, as found by the trial court, the remodeling resulted in new housing accommodations, the previously established rent ceiling was inapplicable. On the other hand, if the remodeling resulted in nothing more than the old accommodations with substantial improvements or alterations, the previous rent ceiling was applicable until adjusted by the Administrator. Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844, 847. In the Delsnider case, it was said: "The question whether the housing accommodations involved are new ones not rented on the critical date, or are old ones with substantial capital improvements or alterations, is a question of fact, which, in an action such as that at bar, must, unless the evidence is compelling one way or the other, be decided by the jury." The question here is whether there was substantial evidence to support the trial court's finding that new housing accommodations resulted from the remodeling.

There was evidence that prior to remodeling the basement was in deplorable condition, the living quarters consisting either of one large room or two rooms divided by a partition of some kind, with only a part-partition separating the living quarters from the furnace room; that a stairway led from the basement to the first floor; that in the basement was a "community bath," washtubs, an ice box and a stove. The evidence showed that the remodeling consisted of installation of a kitchenette with kitchen sink and cabinets and removal of the washtubs; installation of a private bathroom; replacement of the old stove with a new one; placing linoleum on the floors; plastering and painting all walls; installation of base molding and chair board; installation of new electric equipment and lighting; removal of the stairway leading to the first floor; and construction of a cinder block wall separating the furnace room from the living quarters. Certain fireproofing work was also done in the basement and throughout the building.

The evidence above outlined did not compel a finding as a matter of law. It presented a question of fact for the trial judge and his finding must stand.

In reaching the above conclusion we have disregarded a note appended to the statement of proceedings and evidence by the trial court. This note recites in some detail certain factors the trial court "had in mind" in arriving at its finding that the remodeled basement constituted new housing accommodations. Our Rule 21(d) requires that there be included in the record on appeal the written opinion, if any, of the trial court, but obviously this explanatory note is not such an opinion. In substance it appears to be nothing more than a note addressed to this court reciting and interpreting some, but not necessarily all, of the reasoning process of the trial court in reaching its findings. Such a note of

---

1. The landlord died after commencement of this proceeding and with the consent of appellants his executrix has been substituted as appellee.

course is not a part of the record in the case below nor is it properly a part of the statement of proceedings and evidence because it is not a narrative of any proceeding, occurrence or disclosure at trial. The reasoning process of the trial court in arriving at a finding of fact—which process was not disclosed until after judgment was entered on the finding and an appeal noted from the judgment—has no place in the record on appeal.[2]

Affirmed.

2. Cf. Ballance v. Dunnington, 241 Mich. 383, 217 N.W. 329, 57 A.L.R. 262; Hale v. Farmers Electric Membership Corporation, 44 N.M. 131, 99 P.2d 454.