The plaintiff brought this action to recover damages for the loss of personal property sustained as a result of the negligence of the defendant. The jury returned a verdict for the plaintiff, and the defendant made a motion to set the verdict aside, which the court denied. The defendant appeals from the judgment rendered and assigns as error the court's denial of the motion to set the verdict aside, on the ground that the verdict was contrary to the law and evidence, the plaintiff failed to meet his burden of proof, the verdict is not supported by the evidence, and the damages are excessive.
The plaintiff offered the following evidence. Between September, 1957, and May, 1960, he was a resident of the Hotel Garde and paid rent to the defendant, the operator and owner of the hotel. At the time of his departure he owed rent, and the defendant held his personal property until the rent was paid. On January 17, 1961, the defendant agreed to release the property on payment of the rent. On or about February 13, 1961, the plaintiff went to the hotel to claim his property, but it was not there.
The defendant took no exceptions to the court's charge. By its failure to take exception at the conclusion of the charge, the defendant accepted the *Page 502 
court's instructions as the law of the case. It necessarily follows that a verdict rendered in accordance with the unexcepted-to-charge of the court is not a verdict contrary to the law. Lengel v. New HavenGas Light Co., 142 Conn. 70, 77; Zenik v. O'Brien,137 Conn. 592, 597.
If we are to examine the other grounds of the defendant's motion, namely that the verdict is against the evidence and is excessive, we must appraise those grounds in the light of the law of the case. Upon this appeal, the defendant admitted its negligence and did not deny the bailment.
The plaintiff introduced evidence of what was in the room when he left and placed a cost value on many of the items. The defendant did not deny the loss of the articles or object to this evidence of their value. As a general rule, where property is injured or destroyed, its value as bearing on the measure of damages is to be determined as of the time of the injury or destruction. Mere difficulty in the assessment of damages is not sufficient reason for refusing them where the right to them has been established, but the plaintiff must afford a basis for a reasonable estimate by the trier — court or jury — of the amount of that loss. Ball v. T. J. Pardy ConstructionCo., 108 Conn. 549, 552; Crowell v. Palmer,134 Conn. 502, 510; Hedderman v. Robert Hall ofWaterbury, Inc., 145 Conn. 410, 414; 25 C.J.S. 629. The cost of articles is ordinarily some evidence of their value. When the article has no market value, its cost may be the only evidence of value available.Devinne Hallenbeck Co. v. Autoyre Co., 113 Conn. 97,101. From the very nature of the situation, the amount of loss cannot be proved with exactitude and all that can be required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable *Page 503 
the trier to make a fair and reasonable estimate.Stern Co. v. International Harvester Co.,146 Conn. 42, 45. In the case of goods having a special and peculiar value to the owner, full compensation requires that he recover the value to him based on his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it. Kuzemka
v. Gregory, 109 Conn. 117, 122.
The jury could reasonably have found that through the negligence of the defendant the plaintiff lost many items of personal property, including books, clothing, clown costumes, drawing boards and drawing equipment, and that the plaintiff placed a cost value on such items. Considering the nature of the lost articles, the cost value gave sufficient basis for the jury to assess damages. DevinneHallenbeck Co. v. Autoyre Co., supra.
In the absence of an assignment of error addressed to the charge, it is assumed that the instructions of the court on applicable principles were correctly stated. It is further assumed that the jury followed them. Zenik v. O'Brien, supra.
The memorandum of decision shows the firm conviction of the trial court that the verdict was not excessive and that it was reached by considerations properly applicable in the awarding of damages. See Vitale v. Gargiulo, 144 Conn. 359, 366; Maltbie, Conn. App. Proc. § 152. When the decision of the trial court concurs with that of the jury, the verdict should not be disturbed unless its manifest injustice is so plain as to justify the belief that the jury were influenced by ignorance, prejudice, corruption or partiality. Since the jury could reasonably have reached the conclusion they did, the verdict must stand. Desmarais v. Pinto, 147 Conn. 109, 112; *Page 504 Goodman v. Norwalk Jewish Center, Inc., 145 Conn. 146,154; Lopez v. Price, 145 Conn. 560, 564.
 There is no error.
In this opinion KOSICKI and DEARINGTON, Js., concurred.