446 P.2d 220

**Betty June DeVILLIERS, Plaintiff-Appellant,**

**v.**

**Kenneth C. BALCOMB and Katherine J. Balcomb, his wife, Defendants-Appellees.**

**No. 8566.**

Supreme Court of New Mexico.

Oct. 21, 1968.

Joseph B. Zucht, Arledge & Sherrod, Albuquerque, for plaintiff-appellant.

Hannett, Hannett & Cornish, Albuquerque, for defendants-appellees.

## OPINION

NOBLE, Justice.

Betty June DeVilliers brought a declaratory judgment action for a determination of her rights, as purchaser, under a real estate contract which had been terminated by the defendants, as sellers. She has appealed from a judgment in defendants' favor.

In 1959, Mrs. DeVilliers and her husband bought the real estate in question by a written contract providing for annual payments of "$5,000 or more each" and accumulated interest commencing January 15, 1960. The contract further provided for its termina-

tion at seller's option for failure to make any delinquent payment within thirty days after written demand, and contained a recital that "time is of the essence." The court found that the 1966 annual payment and certain taxes were delinquent; that on February 10, 1966, sellers made written demand for the delinquent sums; that the written demand was received but payment was not made; and that on September 12, 1966, the deed reconveying the property to sellers was withdrawn from escrow and later recorded. Sellers' attorney wrote the DeVilliers advising of the termination of the contract and giving them until November 15, 1966 to vacate the premises if they agreed to so vacate, and they signified such approval in writing on a copy of the letter. The court found that Mr. DeVilliers signed the approval and signed his wife's name thereto with the wife's consent.

Mrs. DeVilliers challenges that finding asserting that it lacks substantial support in the evidence. However, because of the disposition we make of other points relied upon for reversal, it is unnecessary to resolve this point. It was, at most, harmless error and furnishes no ground for reversal since the judgment is adequately supported by other uncontested findings. See Prude v. Lewis, 78 N.M. 256, 430 P.2d 753; Hancock v. Berger, 77 N.M. 321, 422 P.2d 359; Garcia v. Color Tile Distrib. Co., 75 N.M. 570, 408 P.2d 145.

The letter of February 10, 1966 demanded $5,000, the accrued interest, and the delinquent property taxes. Mrs. DeVilliers had paid more than $5,000 on the principal in 1965 and contends that the 1966 principal payment should have been reduced by the excess. We do not agree. An overpayment in one period by one who has purchased real estate under a contract obligating him to pay a specified sum *or more* each period does not relieve him of the duty of paying the specified amount on each and every payment date thereafter. Smith v. Renz, 122 Cal.App.2d 535, 265 P.2d 160; McBride v. Stewart, 68 Utah 12, 249 P. 114, 48 A.L.R. 267. See also

55 Am.Jur., Vendor and Purchaser § 340; Annot., 48 A.L.R. 273. Compare Los Angeles Inv. Co. v. Wilson, 181 Cal. 616, 185 P. 853.

■ Appellant contends that the sellers waived their right to terminate the contract for appellant's failure to promptly make payment of the delinquencies because in prior years they had not insisted upon prompt performance at the specified times. We recognize the general rule to be as stated in Nelms v. Miller, 56 N.M. 132, 241 P.2d 333:

"'* * * [W]here both the parties to a contract of sale have taken considerable latitude in its performance, without manifesting any intention to hold each other to a strict and literal performance, neither party can abruptly rescind for noncompliance without fair warning of an intention to insist upon a literal compliance with the contract in the future. * * *'"

See also Park v. Milligan, 27 N.M. 96, 196 P. 178.

■ In this case, even though prompt performance may not have been insisted upon prior to 1966, the letter of February 10, 1966 gave sufficient notice of the sellers' intention to insist upon literal compliance with the contract in the future and of their intent to rescind and terminate it unless the delinquencies were paid within the time therein specified as provided by the contract. Hodges v. Campbell, 211 Or. 428, 316 P.2d 312.

Finally, Mrs. DeVilliers appears to argue that the Balcombs waived their right to forfeit her interest in the property either because (1) of continued negotiations between the parties after the letter electing to ter-minate, or (2) she entered into a new contract to repurchase the property.

■ The contention that a new contract had been entered into appears not to have been urged in the trial court. The record does not disclose a request for a finding respecting such a new contract. Questions not raised in the court below cannot be considered on appeal. Supreme Court Rule 20(1). Wynne v. Pino, 78 N. M. 520, 433 P.2d 499; Drink, Inc. v. Babcock, 77 N.M. 277, 421 P.2d 798; State ex rel. State Highway Commission v. Pelletier, 76 N.M. 555, 417 P.2d 46. Actually the appellant has defeated this contention by her own argument which concedes that there was not a meeting of the minds of the parties as to the price at which she could repurchase.

■■ The trial court refused a requested finding that continued negotiations, to afford Mrs. DeVilliers an opportunity to pay for the land, constituted a waiver by defendants to assert their right of termination. The court, however, did conclude that there were no dealings tending to lead the DeVilliers to believe that they had any subsisting rights. The denial of the requested finding amounts to a contrary finding. Nelms v. Miller, supra; Ringle Dev. Corp. v. Town of Tome Land Grant, 49 N.M. 192, 160 P.2d 441. Our review of the record convinces us that there is no evidence requiring us to vacate or set aside that conclusion of the trial court.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.