459 P.2d 358

Kenneth CLEAR, C. C. Cobb and Howard Holler, d/b/a Orbit Car Wash, Plaintiffs-Appellees,

v.

Curtis PATTERSON and J. B. Sellman, Defendants-Appellants.

No. 284.

Court of Appeals of New Mexico.

Sept. 12, 1969.

Clifford L. Payne and John Sanders, Lovington, for defendants-appellants.

J. Wayne Woodbury, Silver City, for plaintiffs-appellees.

## OPINION

HENDLEY, Judge.

Defendants Patterson and Sellman appeal from a judgment granted plaintiffs by the trial court sitting without a jury.

Plaintiffs' complaint was framed in negligence and contract. It involved the building of a car wash, alleging it was constructed in an unworkmanlike, unskillful and negligent manner.

The trial court made extensive findings of fact which, in essence, stated that defendants Patterson and Sellman breached their contract to plaintiffs in that the structure turned over to plaintiffs was constructed in a negligent, unworkmanlike and unskillful manner. The authorities are too numerous to cite for the proposition that on review the trial court's findings will not be disturbed if supported by substantial evidence. We affirm for the reasons hereinafter stated.

1. Defendants contend that "the contractor's liability is fixed by the terms of his contract, thus he is obligated to perform according to those terms." Defendants challenge the trial court's finding that "Defendants did not fulfill their contract in accordance with the terms and conditions of the same, but erected said car wash in an unskillful and negligent manner." We find no error in that finding. It is true that a court will not rewrite a contract for the parties, Brown v. American Bank of Commerce, 79 N.M. 222, 441 P.2d 751 (1968); but absent express language to the contrary, a court will apply the every day meaning in interpreting the terms of a contract. Raulie v. United States, 400 F.2d 487 (10th Cir. 1968)

Defendants agreed to construct a car wash similar to another car wash which defendants owned and which had been inspected by plaintiffs. That car wash was to be turned over to plaintiffs "ready to operate." As a part of the car wash defendants were required to construct a sump. Defendants constructed a sump that could not function as a sump. The trial court

found this defect undermined the whole structure. To say "that Defendants [sic] * * * responsibility was to deliver to Plaintiffs a good and sufficient structure * * * is not within the contract and agreement," as defendants claim, is contrary to the customary meaning of the promissory language used by defendants. Here, defendant impliedly warranted that they would exercise such reasonable degree of skill as the nature of the service required. Garcia v. Color Tile Distributing Company, 75 N.M. 570, 408 P.2d 145 (1965); Andriola v. Milligan, 52 N.M. 65, 191 P.2d 716 (1948).

■ To support this first contention, defendants assert that they did not guarantee the sufficiency of the specification, that a "contractor is not liable in case the structure sinks from defects in the structure or fault of the soil where the terms of the contract were complied with." Without passing on the validity of the latter statement, we hold that it does not help the defendants here. Defendants rely on Staley v. New, 56 N.M. 756, 250 P.2d 893 (1952). That case is distinguishable because there the contractor and subcontractor installed the heating system, the subject of the dispute, in accordance with the plans and specifications of plaintiffs' agent. Contrary to defendants' contention, we are not concerned with the sufficiency of the specification, but with a failure to build in accordance with the contract terms. Further, and also contrary to defendants' contentions, plaintiffs' damage did not result from the "fault of the soil." The trial court found the damage resulted from the defective sump. Substantial evidence supports this finding.

■■ Further, in support of their first point, defendants assert that a contractor is not liable "where the structure is destroyed or injured after completion." In light of the trial court's finding a breach of contract by negligent construction, defendants would seem to be claiming absolute immunity for latent defects. In Pillsbury v. Blumenthal, 58 N.M. 422, 272 P.2d 326 (1954), when " * * * appellees accepted the work and took possession there were no apparent defects * * *." That is the situation here. The sump did not give way until it was put to use. The defect in the sump was not known to plaintiffs until they undertook to clean the sump in accordance with defendants' instructions. Assuming plaintiffs did accept the work, they still may recover for the defective performance of the contract. There is no waiver of the defective performance where defects are latent and not reasonably discoverable by inspection. Pillsbury v. Blumenthal, supra; see also 5 Williston, Contracts 439, § 742, (3rd ed. 1961).

Duncan v. Cordley, 199 Mass. 299, 85 N.E. 160, 117 L.R.A.,N.S. 697 (1908), relied on by defendants, is not applicable. It involved a settling of the construction because of soil conditions. Here, the damages did not result from soil conditions, but from a defective sump.

Defendants' final argument, in support of their first contention, involves who was responsible for the location of the car wash. Who chose the location does not aid in the disposition of the issues. The trial court found that negligent construction of the sump was the proximate cause of the structure's damage. The court also found, that the defective sump and not the nature of the soil proximately caused the damages to the plaintiffs. The defective sump allowed a large volume of water to flow under the structure, creating a cavern. This cavern caused the foundation to sink with resultant damage to the entire structure. Both, defendants and plaintiffs, knew the soil condition on which the building was ultimately located and both agreed to the location. The findings were supported by substantial evidence.

■ 2. Defendants' second contention is that "a general contractor is not liable for the negligence of an independent contractor." That statement is true in general, but it does not apply to the present facts. Here defendants had contracted to deliver a car wash "ready to operate."

This included a sump. Their contract included the duty to exercise reasonable skill in the construction of the sump. They subcontracted the construction of the sump. We assume the subcontractor was an independent contractor. Even though the work in constructing the sump was delegated to the subcontractor, the delegation did not relieve defendants of their duty, under their contract with plaintiffs. That duty, not delegated, included the duty of the use of reasonable skill in the construction of the sump. 4 Corbin, Contracts §§ 866, 868 (1951); Rest. Contracts § 160(4) (1932). The fact that the subcontractor constructed the sump negligently does not relieve the defendants of their contractual duty since the duty was non-delegable. National Fire Ins. Co. of Hartford v. Westgate Const. Co., 227 F.Supp. 835 (D. Delaware 1964); Mills v. Krauss, 114 So. 2d 817 (Fla.Dist.Ct.App.1959), cert. denied 119 So.2d 293 (Fla.1960).

3. Defendants next contend that "the law does not permit recovery by one who is injured as a result of his voluntary exposure to a known and appreciated danger due to the negligence of another." That rule is not dispositive of the issues under consideration. Whether or not the plaintiffs assumed any risks of being damaged is immaterial in light of the court's finding. The trial court found that the proximate cause of the damage was a faultily constructed sump. There was no finding that the collapse was traceable to the fill, or lack thereof. Defendants claim that the trial court erred in "its failure to find [plaintiffs] clearly assumed the risk of the damage that actually occurred." But the court did not find that the failure of plaintiffs to fill and pack the sub-surface or that the flow of water from natural drainage caused the failing of the sump. The court refused defendants' specific requested finding that "said washing and erosion caused by natural drain of rain water, together with the unsubstantial substance of the soil under said car wash,

was the direct and proximate result [sic] of any damage to the structure." The trial court's finding of fact is supported by substantial evidence. Where the evidence is conflicting, the appellate court will not weigh evidence or credibility of witnesses but will resolve conflicts in favor of the successful party and indulge all reasonable inferences in support of the judgment. Sterling Const. Co. v. B. & E. Constructors, Inc., 74 N.M. 708, 397 P.2d 729 (1964).

4. Finally, defendants contend that "the amount of damages assessed by the trial court against the [defendants], Patterson and Sellman, are excessive and are not in conformity with the evidence and results, also, in unjust enrichment." Defendants complain specifically about no allowance for salvage from the existing structure. The testimony as to salvage is conflicting. One witness testified that the cost of labor involved in obtaining salvage would equal the value of material salvaged. This testimony provided a sufficient basis for the trial court's refusal to deduct a sum for salvage from the damage figure. Compare Garcia v. Color Tile Distributing Company, supra.

In the original construction contract, plaintiffs agreed to furnish the fill dirt that was required. Defendants assert that the damage award includes a sum for such fill dirt. Inclusion in the damage award of an unspecified sum for this new fill dirt was not error under the circumstances. New fill is needed because the structure must be rebuilt due to defendants' breach of contract. The award, which included an amount for new fill dirt, is based on the price of correcting defendants' defective performance, and is proper. See Louis Lyster, Gen. Con., Inc. v. Town of Las Vegas, 75 N.M. 427, 405 P.2d 665 (1965).

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.