Lucille Shane et al. *v.* Ann Tabor et al.
(3031)

Dupont, C. J., Borden and Curran, Js.

Argued June 10—decision released September 24, 1985

*Thomas W. Mochnick,* for the appellant (named defendant).

*Gary G. Cooper,* for the appellees (plaintiffs).

Per Curiam. This is an action brought by the plaintiffs, Lucille Shane and Katherine Hoffman, to recover the value of their mink coats which were stolen from a restaurant owned by the defendant, Ann Tabor.[1] The plaintiffs turned their coats over to an employee of the defendant and when the plaintiffs went to retrieve them, the coats could not be found. The trial court held that a bailment existed and that the failure of the defendant to return the mink coats when requested to do so raised a presumption of negligence on the part of the defendant, which was not rebutted by the evidence.

Thereupon, the trial court awarded to the plaintiff Shane damages in the amount of $2500, and to the plaintiff Hoffman, damages in the amount of $7500, for their respective mink coats. The defendant has appealed from the judgment of the trial court as to the

---

[1] Giovanni's Restaurant, Inc., was also a defendant in this action but is not involved in this appeal. We refer in this opinion to Ann Tabor as the defendant.

award of damages only. She argues that there was no evidentiary basis for the trial court's awards. We disagree.

We first discuss the trial court's award of $7500 in damages to Hoffman. She testified that her mink coat had a replacement value of upwards of $12,000. "[T]he competence of the witness to testify to the value of property may be established by demonstrating that the witness owns the property in question." *State* v. *Baker,* 182 Conn. 52, 60, 437 A.2d 843 (1980); see also *Griffin* v. *Nationwide Moving & Storage Co.,* 187 Conn. 405, 422, 446 A.2d 799 (1982); *McCahill* v. *Town & Country Associates, Ltd.,* 185 Conn. 37, 41, 440 A.2d 801 (1981); *Saporiti* v. *Austin A. Chambers Co.,* 134 Conn. 476, 479–80, 58 A.2d 387 (1948).

On cross-examination, the defendant elicited testimony from Hoffman as to the amount of insurance carried on the mink coat. As a result of the inquiry, the value of $7500 was introduced. The defendant now argues that the evidence of the amount of the insurance on the mink coat, which she introduced, was admissible solely for impeachment purposes and was inadmissible as substantive evidence of the value of the mink coat. The record before this court does not disclose that the evidence adduced by the defendant was offered for that limited purpose. The trial court, therefore, could properly rely on that evidence to find that the value of the plaintiff Hoffman's coat at the time of the loss was $7500. The trial court did not err.

We now address the defendant's claim that Shane failed to adduce sufficient evidence on which the trial court's award of $2500 to her as damages can be sustained. As previously stated, the competency of a witness to testify as to the value of personal property is established if that witness owns the property. *State* v. *Baker,* supra, 60. Shane testified that she believed the

mink coat was worth $5000 when it was lost. The record discloses that the foundation for that value was the fact she insured the coat for this amount. This basis for her opinion does not render it incompetent but rather goes to the weight of her testimony, which is a question for the trier of fact, not an appellate court. *Perl* v. *Case,* 3 Conn. App. 111, 115, 485 A.2d 1331, cert. denied, 195 Conn. 802, 491 A.2d 1103 (1985).

Shane's testimony revealed that $5000 was approximately the purchase price of her fur coat, which she purchased three to four years prior to its loss. Further, she testified that she had worn the mink coat approximately one hundred times. Where the nature of the circumstances prevent the amount of the loss from being proven with exactitude, "all that is required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate." *Griffin* v. *Nationwide Moving & Storage Co.,* supra, 423. In that case, the defendant argued that the amount of damages awarded to the plaintiff was unsupported by the evidence because some items were valued at the figures testified to by the plaintiff, while "the court's valuation of other items . . . was less than that testified to by the plaintiff and such decreases were not, 'in any particular ratio or proportion.' " (Footnote omitted.) Id., 418–19. Our Supreme Court rejected that argument. Here the defendant similarly challenges the trial court's award of damages because it differs from the value as testified to by Shane, and we find the argument similarly unpersuasive. There was sufficient proof of damages to sustain the award of damages.

There is no error.