[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of a rear end collision in which a motor vehicle operated by the defendant, Joan Towse, struck that of the plaintiff, Suzanne Weinstock, on December 15, 1994. The matter was tried to the court, where the issues raised were the negligence of the defendant and the amount of property damaged proven by the plaintiff.
The defendant testified that she struck the rear of the plaintiff's vehicle on I-95 in bumper to bumper traffic, and that she was not paying sufficient attention to her driving at the time of impact. The court finds that the defendant was negligent in the operation of her motor vehicle, causing the ensuing accident, and finds no comparative negligence on the part of the plaintiff.
The only competent evidence of the extent of damage to the plaintiff's automobile was offered through the defendant by the testimony of an appraiser who appraised the damage at $3,298.26. The appraiser also confirmed that a reputable body shop in the area of Vermont where the car had been driven by the plaintiff after the accident would agree to perform the repairs for that figure. Furthermore, the plaintiff was issued a check in said amount in settlement of the damage to the automobile. The plaintiff was also paid $128.80 for dry cleaning of clothes, and $150.00 for food, each for losses she claimed were incurred in the accident. The plaintiff accepted these payments, although she did not use any funds to repair her car. The check for the damage to her automobile was issued to the plaintiff on January 20, 1995, within approximately five weeks of the accident. The plaintiff's claim that she believed she accepted the payments only in partial settlement of her automobile damage claim is CT Page 3777 rejected by the court. Credible evidence as to that claim was totally lacking. In addition, the plaintiff's rental car was paid for by the defendant for an initial period of thirty days from the accident, and an additional ten days was provided.
Over the objections of the defendant, the court accepted into evidence from the plaintiff, a pro se party, a handwritten itemized list of lost or stolen property, or property ruined by broken glass in the accident. The items consist predominantly of clothes and personal property. The court accepts the items of clothing ruined by shattered glass as a proper element of damage. With respect to the remainder of this list, the items set forth are either already paid for and thus settled as aforesaid (e.g., the automobile damage and food) or the plaintiff failed to prove by a preponderance of the evidence that the accident was the proximate cause of the various claimed losses.
The plaintiff's presentation of her case can be euphemistically described as unskillful. However, this court recognizes that it is "the established policy of the Connecticut's courts to be solicitous of prose litigants, and when it does not interfere with the rights of otherparties to construe the rules of practice liberally in favor of the prose parties." (Emphasis in original) Bennings v. Department ofCorrection, 59 Conn. App. 83, ___ A.2d ___ (2000). The court accepts the cost of items on the plaintiff's inventory as her approximate estimate of cost, obtained with the help of verbal estimates from vendors. The owner of property is competent to testify to its value. Shane v. Tabor,5 Conn. App. 363, 364, 497 A.2d 1047 (1985).
"As a general rule, when property is injured or destroyed, its value as bearing on the measure of damages is to be determined as of the time of the injury or destruction. Mere difficulty in the assessment of damages is not sufficient reason for refusing them where the right to them has been established, but the plaintiff must afford a basis for a reasonable estimate by the trier — court or jury — of the amount of that loss. The cost of articles is ordinarily some evidence of their value. When the article has no market value, its cost may be the only evidence of value available. From the very nature of the situation the amount of loss cannot be proved with exactitude and all that can be required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate"; (citations omitted) Duka v. HotelAssociates, Inc., 23 Conn. Sup. 500, 502, 185 A.2d 86 (1962); HartfordWhalers Hockey v. Uniroyal Goodrich Tire, 231 Conn. 276, 285, 649 A.2d 518
(1994).
Plaintiff's offer of evidence as to car rental expenses after the CT Page 3778 plaintiff received her automobile property damage settlement was refused by the court as irrelevant[1] Her offer of evidence of costs of lodging while her car was unavailable was also rejected as irrelevant and as not a proper element of her damages[2]. Her cost of a motel room in Connecticut for the night of the accident in the amount of $60 is allowed to the plaintiff, who was then a Florida resident.
In conclusion then, the court considers the values placed by the plaintiff upon the items of clothing ruined by shattered glass as the cost of the stated items, but only as a foundation to enable the court to make a fair and reasonable estimate of the actual value of this property as of the date of the accident. The court has calculated the cost of this property, as enumerated by the plaintiff, to be $5,545, and arrives at a fair and reasonable estimate of its market value on the date of the accident by reducing said amount by 50%, representing in the court's view, fair and reasonable depreciation for personal clothing of the nature involved. The court finds in favor of the plaintiff and awards economic damages in the amount of $2,772.50 plus $60 representing motel expenses for one night, for a total of $2,832.50. No non-economic damages were claimed or proven. Judgment may enter in favor of the plaintiff in the amount of $2,832.50 plus court costs.
So Ordered.
D'ANDREA, J.