ALEX BANNISTER

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER, *and* ISLAND CREEK COAL COMPANY

(No. 12943)

Submitted April 28, 1970.      Decided June 2, 1970.

*Edward I. Eiland,* for appellant.

*George G. Burnette, Jr.,* for appellees.

BERRY, JUDGE:

This in an appeal by the Island Creek Coal Company, hereinafter referred to as employer, from an order of the Workmen's Compensation Appeal Board of January 23, 1970 which affirmed an order of the State Workmen's Compensation Commissioner of August 21, 1969 which found that the claimant, Alex Bannister, was totally and permanently disabled from the combined effect of silicosis and preexisting diseases of asthma and emphysema, and accordingly granted him an award of total and permanent disability. The Commissioner's order which was affirmed found that 40 per cent of the claimant's disability was due to silicosis and directed that the employer's account be charged with the 40 per cent for silicosis and that the balance of the award be charged to the second injury fund, under the provisions of Code, 23-3-1, as amended, for preexisting diseases diagnosed as asthma and emphysema. The Silicosis Medical Board had previously found insufficient evidence to diagnose silicosis but this finding was reversed by the Commissioner. An appeal was granted to the employer and it was submitted

for decision on arguments and briefs at the April Special 1970 Docket.

The claimant who is approximately 57 years of age worked as an inside electrician in the coal mines for thirty years. He worked almost continuously from April 2, 1929 until October 12, 1960 at which time he became ill and was considered to be totally disabled. In 1962 he filed a claim for silicosis which was denied on the ground that he did not have the disease. He returned to work on June 19, 1963 and worked until November 22, 1963 at which time he ceased working because of illness. Another claim for silicosis was filed on November 17, 1965 which was referred by the Commissioner to the Silicosis Medical Board.

At the initial hearing before the Silicosis Medical Board Dr. W. Paul Elkin and Dr. William C. Stewart stated that there was insufficient evidence from the x-rays for a diagnosis of silicosis. However, Dr. James H. Walker, another member of the Silicosis Medical Board, found sufficient evidence from the x-ray for a diagnosis of silicosis and he was of the opinion the claimant was totally and permanently disabled as the result thereof. At a continued hearing the evidence of Dr. Dante Castrodale was taken on July 17, 1967. Dr. Castrodale of the Stevens Clinic Hospital in Welch testified that he had treated the claimant from 1960 until 1967 for chronic asthma, emphysema and heart diseases and that he, as early as 1960, considered the claimant totally disabled but allowed him to return to work in 1963 on a trial basis which was unsuccessful.

After Dr. Castrodale's evidence was introduced into the record, and additional evidence of the members of the Silicosis Medical Board was taken, Doctors Elkin and Stewart were still of the opinion that silicosis could not be diagnosed but Dr. Walker was of the opinion, considering Dr. Castrodale's testimony, that the claimant had 40 per cent disability from silicosis and that he was totally disabled with a silicosis disability coupled with his other diseases of asthma and emphysema. The other members of the Silicosis Medical

Board agreed that the claimant was totally disabled, but thought that such disability was not from silicosis.

The Commissioner apparently agreed with the testimony of Dr. Walker and set aside the findings of the Silicosis Medical Board that there was insufficient evidence to justify a diagnosis of silicosis, and further found that the asthma and emphysema were preexisting diseases which, combined with silicosis, produced permanent and total disability, and a lifetime award of $38 a week was granted to the claimant. In accordance with the testimony of Dr. Walker, the Commissioner found that the claimant had a 40 per cent disability from the disease of silicosis and treated it as a second injury which coupled with the other diseases of asthma and emphysema rendered the claimant totally disabled, thus raising the main issue presented in this case, which is whether the preexisting disease constitutes a first injury within the meaning of the law applicable thereto.

The employer also contends that the evidence does not warrant the finding that the claimant was suffering from silicosis and that it was not disabling in any manner.

It is the contention of the employer that there is no medical evidence in the record to show a causal connection between the claimant's employment and the preexisting diseases of asthma, emphysema, and heart disease. It is contended that while the Workmen's Compensation Act does provide for compensation based on occupational disease in addition to silicosis, by allowing such disease as well as silicosis to be classified as an "injury," the claimant must prove that the employment proximately caused the disease.

There is no proof contained in the record of this case that the claimant's asthma and emphysema were proximately caused by his employment in the coal mines, and therefore these diseases cannot be termed an injury under the provisions of Code, 23-4-1, as amended. Under the law governing this case, except for silicosis, occupational disease means a disease incurred in the course of and resulting from employment, and no ordinary disease of life to which the general public is

exposed outside of the employment shall be compensable unless it is proved that it was proximately caused by the employment. Code, 23-4-1, as amended.

It is contended, however, by the claimant that regardless of whether the preexisting diseases of asthma and emphysema are occupational diseases, that under the provisions of Code, 23-4-9(b), as amended, the claimant is entitled to a total and permanent disability award, because such diseases are definitely ascertainable physical impairment, and regardless of whether it is compensable or not, under the provisions of Section 9(b) it becomes compensable when coupled with a later compensable injury resulting in total permanent disability as provided in said Section. However, Section 9(b) refers to and must be considered with Code, 23-3-1, as amended, which pertinent part reads as follows:

"If an employee who has a definitely ascertainable physical impairment, *caused by a previous injury,* irrespective of its compensability, becomes permanently and totally disabled through the combined effect of *such previous injury* and a second injury received in the course of and as a result of his employment, the employer shall be chargeable only for the compensation payable for such second injury: * * *." [Emphasis supplied]

It will be noted that in the case of total disability resulting from a second injury coupled with a noncompensable definitely ascertainable physical impairment, such physical impairment must have been caused from an injury and not a disease unless such physical impairment was an occupational disease proved to have been proximately caused by his employment. *Bostic v. State Compensation Commissioner,* 142 W.Va. 484, 96 S.E.2d 481.

The case of *Ratcliff v. State Compensation Commissioner,* 146 W.Va. 920, 123 S.E.2d 829, which was decided under the law applicable to the case at bar is quite similar to the instant case. It was held in that case that a claimant is not entitled to workmen's compensation benefits as a result of aggravation of preexisting diseases of chronic bronchitis,

pulmonary fibrosis and emphysema, diseases other than silicosis, unless it is proved that such diseases were contracted in the course of the claimant's employment rather than aggravation in the course of it. The syllabus of the *Ratcliff* case reads as follows:

> "Where an employee files his application for workmen's compensation benefits, based on the occurrence of an occupational disease other than silicosis, to entitle him to an award, he must establish that the disease was contracted in the course of and resulted from the employment: it is not sufficient to establish that the employment resulted in an aggravation of a disease existing at the beginning of such employment."

The award of total permanent disability in this case is based on an incorrect application of the law governing such a case as illustrated above, and for that reason it must be reversed.

However, the award of 40 per cent permanent partial disability for the disease of silicosis is based on evidence adduced at the hearings and although there is a conflict in the evidence, the Commissioner and the Board are fact-finding bodies in connection with this matter and this Court cannot say that the finding is clearly wrong. *Burgess v. State Compensation Commissioner*, 121 W.Va. 571, 5 S.E.2d 804; *Jackson v. State Compensation Commissioner*, 146 W.Va. 304, 119 S.E.2d 657.

For the reasons stated herein the award of total permanent disability based on the existence of 40 per cent silicosis disability and of a preexisting idiopathic disease condition resulting in a definitely ascertainable physical impairment which disease is not, under the law, an injury either by statute or otherwise, is reversed, and the finding of 40 per cent permanent partial disability for the injury known as the occupational disease of silicosis is affirmed. The case is accordingly remanded to the Workmen's Compensation Appeal Board and the State Workmen's Compensation Commissioner with directions to enter an award of 40 per cent

permanent partial disability based upon the finding of such disability as resulting from silicosis.

*Reversed in part;*
*affirmed in part;*
*with directions.*