STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
October 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BETTY NEWSOME,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0723** (BOR Appeal No. 2048054)
                    (Claim No. 2013007961)

**H. WILLIAM MATTINGLY CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Betty Newsome, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. H. William Mattingly Corporation, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 5, 2013, in which the Board affirmed a December 31, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 9, 2012, decision rejecting Ms. Newsome's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Newsome worked as a receptionist for H. William Mattingly Corporation. Ms. Newsome had a history of breathing problems requiring her to seek treatment from Vellaiappan Somasundaram, M.D. On September 4, 2012, Dr. Somasundaram prescribed her a quick-relief inhaler to treat her respiratory condition. On September 11, 2012, the windows in Ms. Newsome's office were being replaced, and the construction project produced a significant amount of dust. The construction project continued on the next day. The dust produced during the two days caused Ms. Newsome to have trouble breathing and eventually forced her to work

in a different office where she was able to shut the door. Following this incident, Dr. Somasundaram took x-rays of Ms. Newsome's lungs which revealed no signs of infiltrates or edema. Dr. Somasundaram noted that Ms. Newsome had a history of asthma which did not have a specific cause. Ms. Newsome then filed an application for workers' compensation benefits based on her exposure to dust on September 11, 2012, and September 12, 2012. The application was signed by Dr. Somasundaram. On October 9, 2012, the claims administrator rejected Ms. Newsome's application. Almost a month later, Ms. Newsome experienced an onset of wheezing and shortness of breath which forced her to seek treatment from the emergency room at Williamson Appalachian Regional Hospital. At that time, Ms. Newsome complained that her asthma symptoms had grown worse following her exposure to dust at work. However, an x-ray was taken of her lungs which provided no acute findings. Ms. Newsome was then treated by Ramon A. Colman, M.D., who found that her asthma could have been exacerbated by exposure to dust. Dr. Somasundaram also treated Ms. Newsome following her visit to the emergency room, and in a letter to the claims administrator, he stated that he believed her current condition was related to exposure to dust. He further stated that she had never experienced asthma symptoms prior to her dust exposure. George L. Zaldivar, M.D., then evaluated Ms. Newsome. He found that she had mild asthmatic problems prior to her exposure to dust at work. He then performed pulmonary function testing on Ms. Newsome and found that her respiratory function was barely below normal production. Dr. Zaldivar attributed Ms. Newsome's ongoing breathing problems to her excessive weight. He also determined that she did not have any lasting damage to her lungs from exposure to dust. On December 31, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on July 5, 2013, leading Ms. Newsome to appeal.

The Office of Judges concluded that Ms. Newsome did not suffer from an occupational disease on September 11, 2012. The Office of Judges determined that Ms. Newsome had breathing problems that pre-existed her exposure to dust at work. It also found that the symptoms of her pre-existing breathing problems were similar to her post-exposure asthma. The Office of Judges determined that the dust exposure may have exacerbated Ms. Newsome's already compromised respiratory system. It determined, however, that there was no definite causal connection between her dust exposure and her condition. The Office of Judges found that her breathing problems were more likely related to her obesity, especially considering that her symptoms pre-existed her exposure to dust. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Ms. Newsome argues that her asthma symptoms on September 11, 2012, should be held compensable regardless of her pre-existing respiratory problems because the dust she was exposed to at work inhibited her breathing.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Newsome's request for workers' compensation benefits is inconsistent with this Court's holding in *Bannister v. State Workmen's Compensation Commissioner*, 154 W. Va. 172, 177, 174 S.E.2d 605, 608 (1970) that an aggravation of pre-existing asthma is not sufficient to constitute an occupational disease. Ms. Newsome has not demonstrated that she incurred a disease in the course of and resulting from her employment. The dust present in Ms. Newsome's

office on September 11, 2012, may have aggravated her asthma, but the evidence in the record shows that her asthma was not proximately caused by her work as required under West Virginia Code § 23-4-1(f) (2008). Dr. Zaldivar's evaluation, furthermore, demonstrates that the exposure to dust did not cause any ongoing damage to Ms. Newsome's lungs. Dr. Zaldivar's findings are supported by the radiological evidence which revealed no evidence of dust infiltration in Ms. Newsome's lungs.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II