# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 23, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KANETHA GLOVER,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0861**  (BOR Appeal No. 2051924)
                         (Claim No. 2016016063)

**RALEIGH COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kanetha Glover, by Reginald Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Raleigh County Board of Education, by T. Jonathan Cook, its attorney, filed a timely response.

The issue on appeal is the compensability of Ms. Glover's claim for workers' compensation benefits. On January 19, 2016, the claims administrator denied Ms. Glover's claim. The Office of Judges affirmed the claims administrator in its April 12, 2017, Order. The Order was affirmed by the Board of Review on August 28, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Glover worked as a cook for Raleigh County Board of Education. On December 21, 2015, she had an asthma attack while walking through the cafeteria. Ms. Glover attributed the asthma attack to fumes and dust from vinyl tile that was being removed. The use of her inhaler helped, but due to continued difficulty breathing, she sought treatment in the emergency room at Raleigh General Hospital. A chest x-ray revealed no active cardiopulmonary process or abnormalities. Ms. Glover was diagnosed with bronchitis.

On January 3, 2016, Ms. Glover experienced another asthma attack when she was putting food in the kitchen. Ms. Glover attributed the asthma attack to the fumes caused by the removal

1

of the vinyl tile. Ms. Glover was treated in the emergency room at Raleigh General Hospital and diagnosed with an acute exacerbation of asthma. She was prescribed Albuterol and Prednisone.

On January 5, 2016, Ms. Glover was seen by Kathy Gunter, D.O. Ms. Glover provided a history of having experienced shortness of breath, wheezing, and coughing on December 21, 2015, after workers started pulling up tiles. She thought she may have been exposed to asbestos. She recovered until January 3, 2016, when she developed the same symptoms again after breathing fumes from the tile work. Dr. Gunter diagnosed unspecified asthma with acute exacerbation and gave Ms. Glover an injection. On January 7, 2016, Ms. Glover was seen by Gary Poling, M.D., her family physician. Dr. Poling diagnosed asthma and asthma exacerbation secondary to dust at work. He prescribed Symbicort and Singulair.

On January 15, 2016, an Indoor Environmental Assessment report was completed based on samples collected on December 23, 2015. The testing detected three refrigerants, all of which were well below the OSHA Permissible Exposure Limits. The claims administrator rejected the claim on January 19, 2016, as Ms. Glover's asthma was preexisting. This protest followed.

Ms. Glover testified via deposition on July 20, 2016, that she worked as a cook at Park Middle School for Raleigh County Board of Education. She was diagnosed with asthma in 2010 by Dr. Poling. In October of 2014, she filed a workers' compensation claim alleging breathing problems as the result of ceiling tiles being pulled off of the ceiling and insulation, dirt, and dust dumped all over her body. She had an asthma attack and was unable to breathe. The claim was held compensable. On December 21, 2015, she was moving trash from the kitchen to the cafeteria when she started having difficulty breathing due to dust and fumes from tile being removed in the cafeteria. She told her co-workers she was having an asthma attack and asked one of them to get her inhaler. The use of the inhaler helped, but the principal advised her to go home, which she did. When she arrived home, her husband told her she needed to go to the hospital because of her difficulty breathing. She was given medication at the hospital and advised to remain off of work until the tile in the cafeteria was finished. She had a flare-up on January 3, 2016, when she went to the school to drop off products for the concession stand for a game. Ms. Glover continued using the nebulizer until February of 2016. She reported no additional symptoms and no problems performing her job duties.

In a letter dated August 10, 2016, Dr. Hamon[1] stated Ms. Glover's initial date of injury was in October of 2014, when she reported being exposed to insulation and asbestos. The second exposure occurred on December 21, 2015, when Ms. Glover was exposed to fumes. She was treated three times with the last date of treatment of January 2, 2016. In Dr. Hamon's opinion, Ms. Glover became symptomatic and had objective physical findings on examination following the December of 2015 and January of 2016 exposures.

The Office of Judges affirmed the claims administrator's denial of the claim on April 12, 2017. It noted Ms. Glover's preexisting diagnosis of asthma and previous occupational injury in which she was covered in dust and insulation after ceiling tile was pulled down in October of

---

[1] Hamon is Dr. Gunter's married name.

2014. However, the circumstances of exposure in December of 2015 and January of 2016 differed from that of 2014 as Ms. Glover was alone in the cafeteria and no active construction was going on when she had the asthma attacks in 2015 and 2016. Additionally, the Indoor Environmental Assessment conducted on December 23, 2015, was performed under similar circumstances to those experienced by Ms. Glover on the two days she had the asthma attacks as no active construction was going on at the time of the study. The Office of Judges found that Ms. Glover submitted "ambiguous evidence" regarding causation. The treatment notes of Dr. Hamon did not state the cause of the exacerbation of the asthma from a medical standpoint, but only reiterated statements Ms. Glover made to Dr. Hamon regarding causation. The Office of Judges found that the evidence showed Ms. Glover "suffered from an acute pulmonary event" on December 21, 2015. Therefore, the Office of Judges found that Ms. Glover did not prove by a preponderance of the evidence that she was injured at work.

The Board of Review adopted the findings of fact and conclusion of law of the Office of Judges and affirmed its Order on August 28, 2017. The Board of Review relied on *Newsome v. H. William Mattingly Corp.*, No. 13-0723 2014 WL 5068548 (W.Va. Oct. 7, 2014)(memorandum decision) and *Bannister v. State Workmen's Compensation Commissioner*, 154 W.Va. 172, 174 S.E.2d 605 (1970) in finding that an aggravation of preexisting asthma is not sufficient to constitute an occupational disease. In keeping with *Newsome,* it determined that while Ms. Glover's asthma may have been aggravated by the construction in her workplace, the asthma was not caused by her work as required by West Virginia Code § 23-4-1(f) (2008).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Glover experienced exacerbations of her preexisting asthma on December 21, 2015, and January 3, 2016, from which she fully recovered. According to her own testimony, she no longer takes medications due to the exacerbations, and she is able to fully perform her work duties. Ms. Glover failed to prove that either or both exacerbations constituted an occupational injury or occupational disease. Therefore, her claim for workers' compensation benefits was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 23, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker